Morse *vs.* Gilman.

---

## MORSE VS. GILMAN.

Every reasonable intendment and presumption is to be made in favor of a pleading, and a complaint will not be held bad on demurrer however defective, uncertain or redundant may be the mode of the statement of facts, if a cause of action may be gathered from it and it is not so defective that taking all the facts to be admitted, the court can say that they do not constitute any cause of action whatever.

Where the plaintiff in setting out a cause of action for grading, alleged that it was done under a written contract with the defendant at a certain price per cubic yard, stating it, and that the work had been completed according to the contract, and that there was then due him on account thereof by assignment of the claim from the contractor, a certain sum, but omitted to set out the specific conditions and provisions of the contract, such omission must be taken advantage of by motion to make the complaint more definite, and not by demurrer.

APPEAL from the Circuit Court for *Milwaukee* County. The complaint alleged that on the 8th day of September, 1855, a written contract was made between one Merrick of

the first part and the city of Milwaukee of the second part, by which Merrick agreed to grade Wells street and the side walk in front of and adjoining lots, 14, 15 and 16, in block 53, and to grade Sixth street and the sidewalk in front of and adjoining lots 1 and 8 in block 171; that said contract was made by Merrick as the agent of the defendant *Gilman* and for his benefit, and that on the 26th day of November, 1855, an agreement in writing was made between the defendant by Merrick as his agent and one Dewey, by which in consideration of the letting by said Merrick to said Dewey of the said grading and work, Dewey agreed to do the same according to Merrick's contract with the city, for the sum of sixteen cents per cubic yard, and the defendant agreed to pay said Dewey for said work as it should progress in drafts on the defendant in the city of New York, where the defendant resided, to be drawn by Merrick on him payable three days after sight, the work to be paid for as fast as, and at the times the side of each block named in the contract should be completed, that the defendant had an interview with Dewey on the 1st day of March, 1857, about said work, when about two thirds of it was completed, and it was then agreed between them that in consideration of the great increase in the price of labor and supplies since the time of making the contract necessary to its completion, and in consideration that Dewey would progress with the work and finish the balance of it, that the defendant would pay him for such balance the sum of eighteen cents per cubic yard, instead of the sum of sixteen cents; that thereupon Dewey completed the balance of such work and did receive from the defendant from time to time payment therefor, as the same became due and payable, at the rate of eighteen cents per cubic yard according to the last named agreement, except that the defendant had not paid for grading a portion of said balance of the work (particularly specifying it) amounting in all to 5778 cubic yards, and for which said Dewey was entitled to recover pay at the rate of eighteen cents

per cubic yard under said agreement, and that the defendant had not paid for the same, or any part thereof; that on the 14th day of July, 1859, *Dewey* assigned his claim and demand therefor to the plaintiff, and that since the completion of the work and the making of such assignment, and before the commencement of this action, the plaintiff presented to Merrick, the defendant's agent, a certificate of the deputy engineer of Milwaukee, with the said assignment of Dewey to the plaintiff attached thereto, and informed him that he was the owner of the demand for completing said work, and demanded of him a draft on the defendant for the amount due as aforesaid and mentioned in the said certificate, and that Merrick refused to give a draft therefor, and refused to pay for such work, and that the defendant is indebted to the plaintiff on account of said grading and work so done and finished by the said Dewey for him, in the sum of $1040.04, and that such sum was then due from the defendant to the plaintiff, and that no part thereof had been paid; and the plaintiff claimed judgment for that amount.

The defendant put in an answer, and the cause came on for trial, when the plaintiff offered to give evidence to support and prove his complaint. The defendant moved the court to exclude all testimony offered, for the reason that the complaint did not state facts sufficient to constitute a cause of action. The court allowed said motion and refused to admit any evidence in support of the complaint, and rendered judgment dismissing the complaint and against the plaintiff for costs, to which ruling and decision the plaintiff excepted and appealed from the judgment.

*E. Mariner*, for appellant.

*Merrick & Hill*, for respondent:

1. The parol agreement to pay eighteen cents per cubic yard, is without consideration and void, and cannot be shown in evidence. *Maynard vs. Tidball*, 2 Wis., 34. 2. The written contract is not relied on, and for aught the pleading shows

has not been performed, and therefore the appellant cannot fall back on it. The contract between Merrick and the city ought to have been *fully* set out as its terms are a part of Dewey's contract, and conditions precedent to a recovery on it by his assignee. Sec. 24, ch. 125, R. S.; *Hatch vs. Peet*, 23 Barb., 575; *Oakley vs. Morton*, 1 Kern., 25; *Garvey vs. Fowler*, 4 Sand. 665; *Livingston vs. Livingston*, 10 Johns., 36; *Smith vs. Smith*, 1 Sand., 206; *La Due vs. Seymour*, 24 Wend., 50; *Jewell vs. Schroeppel*, 4 Cow., 564; *Coon vs. Greenman*, 7 Wend., 121; *Merrill vs. Ithica and Oswego R. R. Co.*, 16 Wend., 586; *Hills vs. Stillman*, 18 How., 58; Id. 235; Per Slosson J. in *Adams vs. Mayor, &c.*, 4 Duer, 305; *Wolf vs. Howes*, 24 Barb., 174.

*By the Court*, DIXON, C. J. Whether the agreement to pay eighteen instead of sixteen cents per cubic yard for the grading, be void for want of consideration, is not a question which goes to the entire sufficiency of the complaint. Conceding that it is, the complaint still shows a cause of action for the sixteen cents named in the written contract, upon which the plaintiff proceeds, as well as upon the verbal agreement to pay more. That the contract between Merrick and the city is not set out, as it undoubtedly should have been, is not an objection which can be taken in this way. The remedy of the defendant for this defect was by motion to require the complaint to be made definite and certain by amendment. R. S., ch. 125, § 22; See 1 Whit., Pr., 3d Ed., pp. 59, 60, and 2d id., pp., 665 and 657, where the authorities are extensively collected. It is said to be a general rule, that a complaint to be overthrown by a demurrer [or objection to evidence,] must be wholly insufficient. If in any portion of it, or to any extent, it presents facts sufficient to constitute a cause of action, or if a good cause of action can be gathered from it, it will stand, however inartificially these facts may be presented, or however defective, uncertain or redundant may be the mode of their statement. Contrary

to the common law rule, every reasonable intendment and presumption is to be made in favor of the pleading, and it will not be set aside on demurrer unless it be so fatally defective, that taking all the facts to be admitted, the court can say they furnish no cause of action whatever. The case is as if the plaintiff had averred generally, and without stating any particulars of the amount, or the time and manner in which the work was to be performed; that Dewey had entered into an written contract with the defendant, through his agent Merrick, to do the grading at so much per cubic yard; that he had completed it according to the contract; and that there was due the plaintiff on account thereof, by assignment from Dewey, so many dollars, for which he demanded judgment. Such a complaint would throw very little light on the specific provisions of the contract, and must be deemed too vague and uncertain for the purposes of a full and fair defense; but if the defendant should by answer or demurrer, admit the facts stated to be true, it seems clear to us that they would authorize a judgment. The complaint before us is fully as explicit, and, though it might have been reached by motion, it is good on demurrer. No well founded distinction can be made between this, and the case of *Allen vs. Patterson*, 3 Seld., 476, where an averment that the defendant was indebted for goods sold and delivered was upheld on demurrer, or *Cudlipp vs. Whipple*, 4 Duer, 610, where a complaint that the defendant was indebted &c., being a balance of account due for money lent, paid, laid out and expended, was sustained, even upon motion to compel the plaintiff to make the same more definite and certain, or *Graham vs. Cumman*, 5 Duer, 657, in which a demurrer to a complaint alleging the indebtedness to be upon a balance of an account stated, was overruled. And the objection is in substance the very same as that urged in *Broderick vs. Paillon*, 2 E. D. Smith, 554, where the court, upon motion, ordered an amendment of the complaint. The action was to foreclose the alleged lien of a sub-contractor upon a house and lot owned

by the defendant. The complaint alleged that the plaintiff furnished materials towards the construction of the building, pursuant to a contract made with him by a contractor in the enployment of the owner. There was, however, no averment showing whether or not the materials conformed to the requirements of the original contract between the owner and his contractor. The objection that the complaint does not show a performance of the contract, is unfounded in fact. It is alleged that Dewey completed the grading, which is all that is required under the statute.

Judgment reversed, and a new trial ordered.