Bushey et al. vs. Reynolds et al.

---

BUSHEY et al. vs. REYNOLDS et al.

1. PLEADING : *Certainty, etc.*

The common law rules in regard to certainty in pleading, and construing the same adversely to the pleader, are abrogated by the Code of Practice, which requires that pleadings shall be liberally construed.

2. ————.

Where a good defense is defectively pleaded, objection should be taken by a motion to have the answer made more certain and definite, and not by demurrer.

3. SURETIES : *Plea of failure of consideration by.*

An answer by sureties on a promissory note, that they executed the same upon the sole consideration that the payee was to advance their principal a certain sum of money, which he failed to do, and retained the note as collateral security on other transactions, presents a sufficient defense upon demurrer.

APPEAL from *Benton* Circuit Court.

Hon. J. M. PITTMAN, Circuit Judge.

*Rose,* for appellant.

*J. D. Walker, contra.*

WALKER, J.:

Bushey and Druker brought an action of debt against W. W. Reynolds & Bro., Robert S. Hynes and Oliver C. Young, upon the following note:

*Vol. XXXI.—42.*

St. Louis, Mo., *March 13, 1874.*

Ninety days after date, we, or either of us, promise to pay to the order of Bushey and Druker, the sum. of two thousand dollars, for value received, negotiable and payable without defalcation or discount at the Bank of Commerce, in the city of Saint Louis, Missouri.        W. W. REYNOLDS & BRO.,
                                   ROBT. S. HYNES,
                                   O. C. YOUNG.

W. W. Reynolds & Bro. answered separately, and judgment for plaintiffs was rendered against them.

Hynes and Young filed the following answer:

And the said defendants, Oliver C. Young and Robert S. Hynes, for answer to the complaint of the plaintiffs say, that the said plaintiffs ought not to have or maintain their action aforesaid against them, because, they say: That they executed the instrument sued on as the securities of the said W. W. Reynolds & Bro., and that the sole consideration, for the execution thereof by these defendants, was the agreement on the part of said plaintiffs to advance to the said W. W. Reynolds and Francis T. Reynolds the sum of two thousand dollars in money, and these defendants aver that the said plaintiffs did not advance to said William W. and Francis T. the said sum of two thousand dollars, as they had agreed to do, but after the execution of said instrument, based on such consideration alone, and the delivery of the same to plaintiffs, without the consent of the defendants, retained the instrument sued on, as a collateral security on transactions other than such as the original agreement and contract."

To this answer plaintiffs filed a general demurrer, which was by the court overruled.

The case was, upon evidence, submitted to a jury, who returned a verdict against the defendants, Reynolds & Bro., and in favor of the defendants (securities), upon which judgment was rendered.

Plaintiffs filed a motion to set aside the verdict and grant them a new trial, and stated for cause, that the court erred in overruling the demurrer to defendants' (Young and Hynes') answer. The motion was overruled; plaintiffs excepted, and appealed.

The sole question to be determined is the sufficiency of the answer. Plaintiffs insist that the answer is not sufficient.

*First*—Because there is no direct allegation that the alleged contract to advance to Reynolds & Bro. $2,000 was made.

*Second*—That the negative allegation that the $2,000, were not advanced to Reynolds & Bro., did not exclude the conclusion that part of that sum might have been advanced.

Under the common law rule, that the pleading should be most strongly construed against the party pleading, the objection might be sustained. But even under the common law practice, upon general demurrer, certainty to a certain intent in general is all that could be required; 1st Ch. Pl., page 234; Gould's Pl., page 82.

But these rules of pleading have been, in effect, repealed by our Code Practice, which provides that the pleadings shall be liberally construed; Gantt's Digest, sec. 4601.

All of the courts in the States, where the Code Practice has been adopted, recognize this change in the rule of construction.

Thus it was said, 28 Wis.: "The stern rule of the common law is repealed, and by the Code in its place, a more beneficial one has been enacted;" 39th New York, 436: "It is not true under the Code, that if there be uncertainty in respect to the nature of the charge, it is to be construed strictly against the pleader; they must be liberally construed, with a view to substantial justice;" 16 Wis., 504: "Contrary to the common law rule, every reasonable intendment is to be made in favor of the pleading."

We need not multiply decisions to show that such is the liberal rule of construction to be given to pleadings under the Code Practice.

These defendants plead that they executed the note sued on, as the securities of W. W. & F. T. Reynolds, and that the sole consideration for the execution thereof, by them, was the agreement, on the part of plaintiffs, to advance to W. W. Reynolds & Bro. $2,000 in money. This is what they say: It is not certain whether this agreement was made by the plaintiffs with defendants, or with Reynolds & Bro., but as they positively state that they became securities upon the note, in consideration of this agreement alone, it is just as fair to presume that the agreement was made with them, as with Reynolds & Bro.

But if we are to indulge every reasonable intendment in favor of the pleading, as held in *Moore* v. *Gilman*, 16 Wis., 504, we should hold in favor of the pleading. We are not sure, however, but that the court in this case use terms stronger than we would be willing, as a general rule, to indulge, in construing the pleadings.

But we may well follow the statute, and give it a liberal and fair construction. Sec. 4601, Gantt's Digest, provides, that "for the purpose of construing and determining the effect of the pleading, its allegations shall be liberally construed, with a view to substantial justice between the parties," looking to the contract, and the effect of it upon the securities when about to become such. It is not a matter of much significance whether they were induced to become securities, in consideration of an agreement made with themselves, or with Reynolds & Bro.; for, whether the one or the other, it was, according to their plea, the consideration, the sole consideration, which induced them to become securities for Reynolds & Bro. They may, and it is but fair to presume they did, suppose that with the money advanced to

Reynolds & Bro. they would so use it as to be enabled to replace the sum advanced when due ; to refuse to comply with the agreement, might lessen the ability of Reynolds & Bro. to pay, and thereby increase the liability of the securities to pay.

It is a well established rule that any, even a slight change, in the liability of the security, by a change of the time, or terms of his undertaking, will discharge him from further liability ; so held in *Wilson* v. *Tebbetts*, 29 Ark., 588. This change, in most instances, arises out of the transactions between the creditor and the principal debtor. This, however, is not strictly of this class of cases, but it is a case where the securities claim that they executed the note as security upon a consideration and inducement to become such security, under an agreement, which they say was the consideration upon which they were induced to become security.

If such was the case, and plaintiffs failed to comply with their contract, the consideration upon which it was entered into by the securities had failed, and they have a right to stand on the terms of their agreement, and to plead a non-performance of it in discharge of their liabilities.

Chitty, in his work on contracts, 11th ed., vol. 1, p. 777, sustains this position, and cites several cases, one of which was much like the present. A note was given by a security upon an agreement to advance money ; the money was advanced, but not upon the terms agreed upon, and it was held that the security was discharged.

We have been induced to consider the effect of the contract, as between the security and the creditor, apart from the joint acts of the principal debtor and the creditor.

But when we consider the transaction as disclosed by the answer, it is most probable that the notes were subsequently taken

as collateral security, under some agreement between Reynolds & Bro. and plaintiffs, and if so, by such change the securities were released.

But be this as it may, and considering it to be true that the pleadings were not sufficiently certain in this respect, as well as in those relied upon by counsel for plaintiffs, it was a defense defectively stated, which, under the Code Practice, could not be reached by demurrer, but, under the provisions of sec. 4618, Gantt's Digest, should have been corrected by motion to the court, to require the defendants to make their answer, in the parts objected to as uncertain or insufficient, certain and definite, by amendment.

This is the Code Practice in such cases, and it supersedes the practice of demurring, in all except the enumerated cases, under sec. 4564, Gantt's Dig., which limits demurrers to cases in which the facts stated do not constitute a cause of action.

Sec. 4565, in cases of general demurrer, limits the objection by demurrer, to pleadings which fail to state facts sufficient to constitute a cause of action.

In the case of *Ball et al.* v. *Fulton County,* decided at the last term of this court, the Code Practice, in regard to defective pleadings, was considered, and it was in that case held, that if a good cause of action, or of defense, is defectively, or insufficiently stated, the defect is to be reached by motion to have the pleading amended, so as fully to present the cause of action or defense. But if the defect be such as could not be cured by amendment, then, the defect should be reached by demurrer.

Mr. Pomeroy, in his work on remedies and remedial rights, sec. 548, says: "The Code clearly intended to draw a broad line of distinction between an entire failure to state any cause of action or a defense on the one side, which is to be taken advantage of by demurrer, and the statement of a cause of action or

defense, in an insufficient, imperfect, incomplete, or informal manner, which is to be corrected by a motion to render the pleading more certain by amendment."

The author then cites numerous decisions to sustain the general proposition, and at sec. 549, says: "The true doctrine to be gathered from all of the cases is, that if the substantial facts, which constitute a cause of action, are stated in the complaint, or, can be inferred by reasonable intendment from the matters which are set forth, although the allegation of these facts is imperfect, incomplete or defective, such insufficiency pertaining to the form, rather than the substance, the proper mode of correction is, not by demurrer, nor by excluding the evidence at the trial, but by a motion before the trial to make the averments more definite and certain by amendment." See also Newman Plead. & Prac., 664.

In the case under consideration, the objection is, that the answer did not disclose with certainty, with whom the agreement to advance the $2,000 was made.

This certainly could by motion have been amended; and so, as to the breach of the contract, that the averment that $2,000 were not advanced, did not exclude the conclusion that part of it may have been paid, could readily have been corrected.

The corrections under the Code Practice could only be made upon motion to have the pleading amended, and not upon demurrer.

It was therefore not error in the court to overrule the demurrer. Let the judgment be affirmed.