McCLURE, by guardian *ad litem*, Respondent, vs. THE CITY OF SPARTA, Appellant.

*January 14 — January 31, 1893.*

*Municipal corporations: Injury to person by defective sidewalk: Open hatchway: Negligence of owner of premises: Instructions to jury.*

1. Where a city allows a hatchway to be inserted in a sidewalk, leading to a cellar beneath, it is its duty to see that the same is so located and constructed as not to render the walk unnecessarily unsafe.

2. Such a hatchway having been located, with sole reference to its convenient use by the owner of the premises, nearly in the center of the walk and directly in the line of most of the travel, the city cannot complain because in an action against it for injuries sustained by falling into the hatchway, the question whether the sidewalk was defective because of the improper location of the hatchway was left to the jury.

3. In such an action the fact that the owner of the premises had opened the hatchway and was negligent in not properly guarding the opening at the time plaintiff was injured, is no defense.

4. An instruction that a person traveling along a sidewalk has a right to a walk that is safe to travel over, and that it is the duty of the city to make the sidewalk in that condition, being preceded and

followed by other instructions to the effect that the city is only required to make its sidewalks reasonably safe, is *held* not misleading.

5. An instruction assuming that there was no contributory negligence on the part of the plaintiff is not erroneous, where the question of contributory negligence was not raised on the trial and there was nothing in the testimony which would warrant its submission to the jury.

APPEAL from the Circuit Court for *Monroe* County.

This is an action to recover damages for personal injuries received by plaintiff by reason of falling into an opening in a sidewalk in defendant city.

The sidewalk in question is in front of the store of D. A. Baldwin, on Water street, which is one of the public streets in that city. It is a plank sidewalk, ten feet in width, and was built by Mr. Baldwin in the summer of 1890. He inserted a hatchway therein which opened into an excavation under the sidewalk. This excavation was an extension of the cellar of the store, and the hatchway furnished an outside entrance to the cellar. It was three feet wide by three and one half feet long, the side of which towards the street was about two and one half feet from the curb or street side of the walk, and the side towards the store was four and one fourth feet from the other side of the walk. The sidewalk extended to the building. Except when in use, the hatchway, which consisted of closely-fitting planks, was kept closed, and presented the same appearance as the rest of the sidewalk. Through this opening Baldwin, from time to time, put merchandise into his cellar.

At about 8 o'clock in the evening of March 22, 1890, Baldwin opened the hatchway, and lowered through it a load of potatoes in bags. Some person passed the bags through the opening, and Baldwin was in the cellar to receive and dispose of them. At the same time Mrs. Baldwin was there, with a lighted lantern, to caution persons passing along the walk to avoid the opening. After doing so

for a time, she left the place, before all of the sacks had been lowered, and went into the store for some temporary purpose, leaving her lantern standing on a box near the opening. There was also a light near it in a window of the store. While she was gone the plaintiff and her mother passed along the sidewalk. Not seeing that the hatchway had been removed, and receiving no warning of danger, the plaintiff stepped into the opening, and fell on the bags of potatoes which had been lowered through it, and received the injuries of which she complains.

A trial of the action resulted in a verdict for plaintiff. The jury assessed her damages at $1,250. A motion on behalf of defendant city for a new trial was denied, and judgment was thereupon entered for plaintiff, pursuant to the verdict. The defendant appeals from the judgment.

For the appellant there was a brief by *Morrow & Masters*, and oral argument by *J. M. Morrow*. They contended, *inter alia*, that though the primary object of a sidewalk is for public travel, yet occupants of premises have the right to a reasonable use thereof, even though such use may temporarily hinder, restrain, or even endanger public travel. *Fisher v. Thirkell*, 21 Mich. 1; *Clark v. Fry*, 8 Ohio St. 358; 1 Thomp. Neg. 345; *Denby v. Willer*, 59 Wis. 240; *Jochem v. Robinson*, 66 id. 638. The city was not guilty of any negligence in this case. The walk was perfectly safe until within ten minutes of the accident. No act of the city or any of its officers could have changed the situation. Cities are not to be held to such extraordinary liability. *Martin v. Pettit*, 117 N. Y. 118; *Jennings v. Van Schaick*, 108 id. 530; *Wabash, St. L. & P. R. Co. v. Locke*, 112 Ind. 404.

For the respondent there was a brief by *C. J. Smith* and *O. B. Wyman*, and oral argument by *Mr. Wyman*. They argued, among other things, that the cause of the injury to plaintiff was the open, unguarded hole in the sidewalk, which defendant negligently permitted to be made and used

272 SUPREME COURT OF WISCONSIN. [84

by the occupant of the adjoining lot. When the defect is caused by the act of a third person, the city is liable, provided it fails to have proper repairs made after due notice. *Saulsbury v. Ithaca,* 94 N. Y. 27; *Hill v. Fond du Lac,* 56 Wis. 248; *Huntington v. Breen,* 77 Ind. 29; *Barstow v. Berlin,* 34 Wis. 357.

Lyon, C. J.   The hatchway through which the plaintiff fell was inserted in the sidewalk by Mr. Baldwin, with the knowledge and consent of the city authorities, and with their implied license that the same should be opened and used from time to time as the exigencies of his business might require.   While it was probably lawful for the city to allow Mr. Baldwin to make an outside hatchway in the sidewalk leading to his cellar, it was the duty of the city to see to it that the same was so located and constructed as not to render the walk unnecessarily unsafe to persons passing along the same when the hatchway should be open. If not thus located and constructed, the walk was defective, and a failure of duty on the part of the city in respect thereto is negligence.

Water street seems to be one of the principal thoroughfares in the city of *Sparta,* and large numbers of people travel the same and the sidewalks thereof, daily and nightly. The hatchway in question was located nearly in the center of the walk (the center line thereof crossing it), and directly in the line of most of the travel over the walk.   The danger that persons passing along such walk when the hatchway was open would fall into the opening was much greater than it would have been had the hatchway been located close to the store, or even close to the curb, thus leaving seven feet of the walk, extending from one side thereof two feet past the center, unobstructed.   This is manifest.   It was the duty of the city to direct the location of the hatchway with due regard to the safety of travelers upon the

walk.   It is obvious that this was not done, but the hatch-way was located by Baldwin with sole reference to the convenient transaction of his own business.   Under these circumstances, had the court held it conclusively proved that the sidewalk was defective because of the improper location of the hatchway, it would be difficult to say that the ruling was erroneous.   However, the court did not so hold, but (what is more favorable to the city) submitted to the jury the question whether the sidewalk was defective because of the improper location of the hatchway and the consequent negligence of the city in respect to its location. The jury must have resolved the question against the city, else they could not have found for plaintiff, under the charge of the court.   We think the city cannot be heard to allege that the submission of the above question to the jury was error.

But it is maintained by the learned counsel for the city that Baldwin was negligent in not properly guarding the opening, which negligence was an independent, proximate cause of the injury complained of, and that for this reason the city is not liable in this action.   Assuming for the pur-poses of the case that the negligence of Baldwin is conclu-sively proved, there are adjudications, notably in Massa-chusetts, which sustain the above contention.   Among these are the cases of *Rowell v. Lowell*, 7 Gray, 100; *Kidder v. Dunstable*, 7 Gray, 104; *Shepherd v. Chelsea*, 4 Allen, 113. It is held in those cases that if the injury is the combined result of a defect in the highway and the negligence or un-lawful act of a third person, the town or city is not liable for such injury.

Whether, in order to render a town or city liable in an action founded upon an alleged defect in a highway, the defect must be the sole cause of the injury complained of, was discussed by the late Chief Justice Dixon in *Houfe v. Fulton*, 29 Wis. 296.   The conclusion reached by the court

in that case was that "if, besides the defect in the way, there is another proximate cause of the injury, contributing directly to the result, but which cause is not attributable to the fault or negligence of the plaintiff, nor of any third person, . . . the town is liable, *provided* the jury shall determine that the damage would not have been sustained but for the defect in the way." The writer of this opinion presided at the trial of that case, and granted a nonsuit, in accordance with certain adjudications in Massachusetts, which are cited by the chief justice in his opinion. This court repudiated the doctrine of those cases, and reversed the judgment of nonsuit. The plaintiff, Houfe, afterwards recovered for his injuries, and the judgment in his favor was affirmed by this court. 34 Wis. 608. But the question here presented, whether the city can be held liable where, as in this case, the other proximate cause of the injury is the negligence of a third person, was not decided in *Houfe v. Fulton.*

The above question, however, has been decided in several later adjudications of this court against the doctrine of the cases in 7 Gray and 4 Allen, first above cited. Thus, in *Stetler v. C. & N. W. R. Co.* 46 Wis. 497, it was held that, where the negligence of the railroad company directly contributed to the injury of one of its employees, the company is liable therefor, though it also appears that the negligence of a co-employee contributed directly to the injury. It is there said the rule is universal that contributory negligence, to defeat an action, must be the negligence of the plaintiff or of some other person for whose acts he is responsible.

In *Atkinson v. Goodrich Transp. Co.* 60 Wis. 141, Mr. Justice TAYLOR discussed this subject quite elaborately, and cited numerous cases elsewhere in support of the rule of the *Stetler Case,* which was there reaffirmed by this court. The rule there adopted is correctly stated in a headnote as

follows: " In an action for an injury from negligence, the fact that another person contributed, either before the defendant's interposition or concurrently therewith, in producing the damage, is no defense." The same rule has since been applied in *Papworth v. Milwaukee*, 64 Wis. 389, and *Sherman v. Menominee R. L. Co.* 72 Wis. 122. It is now too firmly established in our jurisprudence to be repealed or disturbed by judicial decision.

The charge of the learned circuit judge to the jury is, we think, in strict accordance with the foregoing views. Many exceptions were taken thereto, but it seems hardly necessary to set out the charge in full or to state such exceptions in detail, for we think none of the exceptions are well taken. Brief reference will be made, however, to two of them: (1) One sentence of the charge is as follows: " Whenever any one has occasion to travel along a sidewalk of any city, he has a right to a sidewalk that is safe to travel over. It is the duty of a city to make a sidewalk in that condition." Standing alone, it might well be claimed that this instruction imposed upon the city the obligation to make its sidewalks absolutely safe to travelers upon them. But the instruction is preceded and followed by other instructions to the effect that the city is only required to make its sidewalks reasonably safe, which is the true rule. Hence, if the defective condition of the sidewalk was not conclusively proved (and for that reason was a question for the jury), we do not think the jury could possibly have been misled by the instruction excepted to. (2) The court said to the jury: " If it [the sidewalk] was not reasonably safe and sufficient, then the plaintiff is entitled to recover in this action." This instruction was equivalent to one that there was no evidence of contributory negligence on the part of the plaintiff. The question of contributory negligence does not seem to have been raised on the trial, and we think there is nothing in the

testimony which would warrant its submission to the jury. Hence the instruction was not erroneous.

At the commencement of the trial, counsel for the city objected to the admission of any testimony under the complaint, for the alleged reason that no cause of action is stated therein. In the view we have taken of the liability of the city, the complaint clearly states a cause of action.

*By the Court.*— The judgment of the circuit court is affirmed.