WHITTY, Respondent, vs. CITY OF OSHKOSH, Appellant.

*February 6 — February 27, 1900.*

*Municipal corporations: Injury from open hatchway in sidewalk: Negligence of lot-owner: Pleading: Contributory negligence.*

1. Although a lot-owner may construct and maintain a hatchway in the sidewalk, covering the opening when not in use so that it will not affect the safety of the walk, and when in use guarding it reasonably to prevent travelers in the exercise of ordinary care from stepping into it, yet if the city knowingly, or with reasonable means of knowledge, permits such opening to be negligently used, it is liable for injuries caused by such use.

2. A complaint will not be held bad on demurrer, on the ground that it discloses contributory negligence, unless the facts leave no reasonable doubt on the question.

3. In an action for injuries sustained by falling into an open hatchway in a sidewalk, a complaint stating that plaintiff, in approaching the hatchway, traveled at such an angle with it that the opening was not in her line of vision till she was close upon it, and that she was free from negligence, is *held* not to show conclusively contributory negligence on plaintiff's part.

APPEAL from an order of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

Action to recover compensation for personal injuries.

In the defendant city, near where two much-used sidewalks met at an obtuse angle, an abutting lot-owner maintained in the walk a hatchway over an excavation about nine feet deep, for convenience in conveying merchandise to and from the basement of his building. The hatchway was seven feet long by four feet wide, occupying, when open, the width of the walk except twenty inches on the outer edge. When not in use the hatchway was covered by two hinged doors, and was opened by turning the doors back on the walk. With knowledge of the officers of the defendant city, for three years before the accident it had been the custom of the occupant of the abutting lot to frequently, and

as often as he desired, open the hatchway without providing any guards whatever or means of warning to prevent persons using the walk from falling through the opening. That was the condition on the occasion in question. In that situation plaintiff approached the opening in the exercise of ordinary care, stepped into it, fell to the bottom of the excavation, and thereby received painful and serious injuries.

All these facts were stated in the complaint, together with allegations showing performance by plaintiff of the conditions precedent to the commencement of the action. In regard to the manner of using the hatchway, and notice thereof to the city, the following language was used in the complaint: "Said hatchway and doors were constructed with no guards or barriers of any kind or description to give warning or prevent people from stepping into the opening when said doors were open. Said hatchway existed in said sidewalk for a period of more than three years prior to the happening of said accident, during all of which time the owner and lessee of said building had been accustomed to open said hatchway frequently, leaving an open, unguarded, and unprotected space in the sidewalk, and making a dangerous hole and opening into the cellar below. The said defendant city, its officers, board of public works, and aldermen, at the time of said injury, and a long time prior thereto, well knew of the insufficiency and dangerous condition and want of repair of said sidewalk, at the point where said injury occurred, and carelessly, negligently, and knowingly suffered and permitted the same to remain in such dangerous condition."

The defendant demurred to the complaint for want of facts sufficient to constitute a cause of action. The demurrer was overruled, and defendant appealed.

*John F. Kluwin,* city attorney, for the appellant.

For the respondent there was a brief by *Hume, Oellerich & Jackson,* and oral argument by *C. D. Jackson.* They cited

*Smalley v. Appleton,* 70 Wis. 340; *Everman v. Menomonie,* 81 Wis. 624; *McClure v. Sparta,* 84 Wis. 269; *Day v. Mt. Pleasant,* 70 Iowa, 193; *Bacon v. Boston,* 3 Cush. 180; *Pawtucket v. Bray,* 2 Am. Neg. Rep. 71.

MARSHALL, J.   It is argued at some length, and the argument supported by authority, that a lot-owner in a city may use the space under the sidewalk in front of his lot, constructing and maintaining, for his convenience, coal holes and hatchways in such walk, covering them when not in actual use so they will not affect the safety of the walk for public travel, and when in use guarding them reasonably, to prevent persons, traveling on the walk in the exercise of ordinary care, from stepping or falling into them.   Such is the law.   It has been often so declared by this and other courts.   *Papworth v. Milwaukee,* 64 Wis. 389; *Smalley v. Appleton,* 75 Wis. 18; *McClure v. Sparta,* 84 Wis. 269; *Cooper v. Milwaukee,* 97 Wis. 458; *Severin v. Eddy,* 52 Ill. 189; *Peoria v. Simpson,* 110 Ill. 294.   That doctrine, however, does not shield a municipality from the consequences of knowingly permitting such an opening to be used in a negligent manner.

Every city and village in this state is in duty bound by statute, in constructing, or allowing to be constructed, a sidewalk for public use, to see that it is made reasonably safe therefor, and to use all reasonable precautions thereafter to maintain it in that condition.   Permission by a city to use the space under a sidewalk, with an opening thereto in the walk, and the proper use thereof, does not violate any duty owing to the public by such city.   If the opening be negligently used, the proper officers of the city having sufficient notice to enable them, by the exercise of reasonable diligence, to remedy the mischief, its duty to the public is thereby violated.   That was distinctly held in *Cooper v. Milwaukee, supra.*   The idea is that both the occupant of a lot

to which a hatchway is appurtenant, and the public corporation, are responsible for negligence in regard to the safety of the walk. Both owe a duty to the public to keep the walk in a reasonably safe condition for travel. That of the corporation, however, is not breached, as to the circumstance of an improperly used hatchway, till its officers knowingly, or with reasonable means of knowledge, are guilty of permitting such use.

The significant fact alleged here is that the city, knowingly, for a period of three years, permitted the frequent and customary use of the hatchway in an entirely unguarded condition. That makes a plain case of breach of duty as indicated.

In *McClure v. Sparta, supra*, as reported, the necessity of notice to the city of the existence of an open hatchway, or of the hatchway being used in a negligent manner, so as to render the walk unsafe, does not appear to have been recognized. It is certainly the law, as laid down in *Cooper v. Milwaukee, supra*, and in this case, that the mere fact that a hatchway, lawfully located in a sidewalk and properly covered, is opened and negligently left unguarded, does not render the city liable for the consequences. No such duty rests on a city that it must so police all the public walks therein as to guard the coal holes and hatchways in such walks at all times and thereby prevent the negligent use of such openings. When it is said that a hatchway may lawfully be placed in a sidewalk for the convenience of the owner of the property fronting thereon, or the occupant of such property, such hatchway being properly covered when not in use, it necessarily follows that the municipality, charged with the duty of exercising reasonable care to maintain the walk in a reasonably safe condition for public travel, cannot be held liable for a breach of duty merely because some person may negligently leave the hatchway open. The officers of a public corporation, charged with the perform-

ance of its duties as regards the condition of its streets and walks, have a right to assume that no one will render a walk unsafe by his manner of using it, until notified to the contrary.

It is further urged that the complaint discloses contributory negligence, and for that reason is fatally defective. Contributory negligence is matter of defense. It need not ordinarily be negatived in the complaint, or by plaintiff as a part of his proof in chief on the trial. *Randall v. N. W. Tel. Co.* 54 Wis. 147; *Hoth v. Peters*, 55 Wis. 405; *Rhyner v. Menasha*, 97 Wis. 523. The presumption of fact is that every person conducts himself with ordinary care. So it follows that in the trial of a personal injury action, if the plaintiff can make out a cause of action without disclosing contributory negligence conclusively, the question in that regard is for the jury. *Prideaux v. Mineral Point*, 43 Wis. 524; *Dorsey v. Phillips & C. Const. Co.* 42 Wis. 583; *Gower v. C., M. & St. P. R. Co.* 45 Wis. 182; *Delancy v. M. & St. P. R. Co.* 33 Wis. 72; *Hoyt v. Hudson*, 41 Wis. 105. The rule is the same in regard to the complaint. *Hoth v. Peters*, *supra*. That is, unless the facts alleged disclose contributory negligence, so as to leave no reasonable doubt on the question, the presumption of the exercise of ordinary care, for the purposes of the complaint, will prevail. That necessarily follows from the rule that, on demurrer to a complaint, every reasonable intendment and presumption must be given effect in support of it. *Morse v. Gilman*, 16 Wis. 504; *Miller v. Bayer*, 94 Wis. 123; *South Bend C. P. Co. v. George C. Cribb Co.* 97 Wis. 230; *Kliefoth v. N. W. I. Co.* 98 Wis. 496; *Martens v. O'Connor*, 101 Wis. 18.

Applying the foregoing to the facts stated in the complaint, it cannot be said that they conclusively show failure of plaintiff to exercise ordinary care, contributing to her injury. We start with the presumption to the contrary; then there are the pleaded facts that plaintiff, in approaching the

hatchway, traveled at such an angle with it that the opening was not in her line of vision till she was close upon it, and that she was free from negligence. It is by no means certain but that, without any allegation in the complaint that plaintiff was free from contributory negligence, it would state a good cause of action. We are not called upon to go that far. The complaint expressly alleges freedom from contributory negligence.

*By the Court.*— The order of the circuit court is affirmed.