STEGE, Respondent, vs. CITY OF MILWAUKEE, Appellant.

*April 30 — May 21, 1901.*

*Municipal corporations: Defective sidewalks: Uncovered coal holes: Negligence: Personal injuries: Contributory negligence: Court and jury.*

1. While covered coal holes and hatchways may lawfully exist in a sidewalk, yet, if they are negligently left open for such length of time that the municipal authorities ought, in the exercise of reasonable diligence, to know and remedy the mischief, the city may become liable for injuries occasioned thereby to travelers exercising ordinary care.

2. Where the lumber with which plaintiff was about to repair the steps of a house was piled in the gutter, and, before working an hour and while walking backwards in order to swing a long piece of timber around the trees, he was injured by falling into a coal hole in the sidewalk, *held*, that plaintiff was a traveler upon the sidewalk, in that he was using it for a lawful and necessary purpose.

3. In such case, it appeared that the cover of the coal hole was in no way defective or liable to slip when properly in position, but that on all pleasant days during the preceding months, and upon the day of the accident, it had been propped open a few inches, and left in that condition until the plaintiff stepped upon it and was injured. *Held*, that such condition constituted a defect in the sidewalk.

4. Whether plaintiff was guilty of contributory negligence in walking backwards, and in not seeing that the cover was propped up, is *held* to have been a question for the jury.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

This is an action to recover for personal injuries suffered by the plaintiff on an alleged defective sidewalk. The evidence showed that on the 19th of September, 1895, the plaintiff, who was a carpenter, was engaged in repairing the front steps of a certain house on the east side of Seventh street, in the city of *Milwaukee;* that Seventh street runs north and south, and has upon its east side a sidewalk ten

or twelve feet in width, with a space three feet or more in width between the outer edge of the sidewalk and the curbstone, in which space there stands a row of trees and a hitching post; that the lumber with which the plaintiff was to work was deposited in the gutter in front of the house to be repaired; that in the sidewalk in front of said house, and about a foot or more from the outer edge thereof, there was a hexagonal coal hole, with a removable iron cover, for the purpose of giving access to the excavation underneath the' sidewalk; that the plaintiff had been at work half an hour or more upon the steps, and went across the sidewalk to the gutter to get some lumber; that he took up a piece of 2x4 scantling, sixteen feet long, by one end, and, swinging the other end around, he stepped backward a few steps, dragging the piece after him, and while so engaged stepped on the cover of the coal hole, which tipped up, causing him to fall down in the hole astride of the cover, and seriously injuring him. The plaintiff testified that he had no notice that the cover was misplaced. The testimony of other witnesses showed without dispute that during all pleasant days during the preceding summer the cover in question had been propped up by a small stick on one side for the purpose of ventilating the excavation underneath, and that it had been open in this way upon the morning previous to the accident. There was no testimony tending to show that the cover, or the ring in which it was fitted, was in any way defective.

A special verdict was returned by the jury as follows:

"(1) Was the plaintiff injured on September 19, 1895, by falling into a cellar hole in the sidewalk in front of the building known as No. 124 Seventh street, in the city of *Milwaukee? Answer by Court.* Yes. (2) Had the occupant of said building, on September 19, 1895, and prior to the accident, opened said hole by lifting the cover on one side, and propping it up? *Answer by Court.* Yes. (3) Did such propping up of such cover on said day cause or constitute such a defect in said sidewalk as to make the use of said

sidewalk dangerous for travelers on foot when exercising ordinary care in passing over the sidewalk? *A.* Yes. (4) Was the cover, as it was propped up, liable to fall in such a position that it would cause or constitute such a defect in said sidewalk as to make the use of said sidewalk dangerous for travelers on foot using ordinary care? *A.* Yes. (5) If you answer the fourth question ' Yes,' would a person of ordinary care and prudence have reasonably expected that the cover, when so propped up, was liable to fall in such a manner that it would constitute such a defect in said sidewalk? *A.* Yes. (6) Was the cover in the same position at the time of the accident that it was placed in by the occupant of the building on the day of the accident? *A.* Yes. (7) If you answer the sixth question 'No,' had the cover fallen after it had been propped up by the occupant, and before the accident? *A.* No. (8) Did the position of the cover at the time of the accident constitute such a defect in said sidewalk as to make the use of said sidewalk dangerous for travelers on foot using ordinary care? *A.* Yes. (9) If you answer the eighth question ' Yes," was such defect the proximate cause of the injury? *A.* Yes. (10) Had the occupant of the building, for several months prior to the accident, almost daily, when the weather was pleasant, opened said hole in the same manner as he did on the day of the accident? *Answer by Court.* Yes. (11) Ought the defendant city, in the exercise of ordinary care, to have known of the repeated propping up of the cover in such position long enough prior to the accident to have avoided the injury? *A.* Yes. (12) Was the plaintiff guilty of a want of ordinary care which proximately contributed to the injury? *A.* No. (13) If the court should find the plaintiff entitled to judgment, at what sum do you assess his damages? *A.* Eleven hundred dollars.

Upon this verdict judgment was entered for the plaintiff, and the defendant appeals.

For the appellant there was a brief signed *Carl Runge,* attorney, and *Joseph B. Doe,* assistant city attorney, and oral argument by *Mr. Doe.*

For the respondent there was a brief by *Somers & Somers,* and oral argument by *P. J. Somers.*

WINSLOW, J. The evidence in this case certainly tends to show that the cover of the coal hole in question had been partially opened and left open nearly every day for several months prior to the plaintiff's injury, and that when so opened it was a serious defect in the sidewalk. Covered coal holes and hatchways may lawfully exist in a sidewalk, but, if they are negligently left open for such length of time that the city authorities ought, in the exercise of reasonable diligence, to know and remedy the mischief, the city may become liable for injuries occasioned thereby to travelers exercising ordinary care. *Whitty v. Oshkosh*, 106 Wis. 87. That the plaintiff was, in the legal sense, a traveler upon the sidewalk is not open to reasonable doubt. Though not walking longitudinally along the sidewalk, he was rightfully using it for a lawful and necessary purpose, and was plainly entitled to the protection of the law concerning defective highways. There was absolutely no evidence to show that the cover was in any way defective, or liable to slip, when properly in position, but there was ample evidence that upon the day of the accident it had been propped open a few inches, and left in that condition until the plaintiff stepped upon it.

It is said that the plaintiff was guilty of contributory negligence, as matter of law, in walking backward, and in not seeing the condition of the cover. Neither of these contentions can be sustained. It is doubtless true that if a man, without cause therefor, were to walk along the street backward, or with his eyes shut, for any considerable distance, and should fall into a hole, he would be chargeable with contributory negligence; but that is not this case. The plaintiff here was simply using a very ordinary and usual method of swinging the end of the long scantling which he was carrying around the trees so that he might take it to the steps which he was repairing, and in so doing he stepped backward a few steps. It was clearly for the jury to say

whether his action was consistent with ordinary care under the circumstances. Nor can it be said that he was negligent, as matter of law, because he had not seen the condition of the cover. He had been at work less than an hour, and his work had been upon the steps of the building upon the other side of the sidewalk. He was evidently busily engaged, and giving his entire attention to his job. Under such circumstances it cannot be said as matter of law that he was negligent in not seeing that the cover was propped up. This was also a question for the jury. *Cantwell v. Appleton,* 71 Wis. 463. The verdict was based upon sufficient evidence, and it plainly sustains the judgment. There are no other questions which require discussion.

*By the Court.*— Judgment affirmed.