PINZ, by guardian *ad litem*, Appellant, vs. MILWAUKEE
ELECTRIC RAILWAY & LIGHT COMPANY, Respondent.

*January 16—February 10, 1920.*

*Street railways: Failure of pedestrian to look for car: Evidence:
Contributory negligence: Instructions: Negligence: Presump-
tion of ordinary care by injured person.*

1. In an action to recover for injuries to a woman eighty-six
   years old who was struck by a street car while attempting to
   cross the street ahead of the car, the jury having found that
   the car was being run at a dangerous and unreasonable rate
   of speed, the testimony of an eye-witness of the accident is
   *held* to support a finding of the jury that plaintiff did not
   look before entering the danger zone, as against a conten-
   tion that the finding was contrary to the established physical
   facts.
2. Where there was evidence of want of care on the part of
   plaintiff, an instruction that she was presumed to have looked
   and listened before entering the danger zone, that she con-
   ducted herself as the greater mass of women of her age and
   infirmities would have conducted themselves under the same
   circumstances, and that she was presumed to exercise the
   care that women of her age and infirmities would have exer-
   cised under the same circumstances, was properly refused,
   as not being a correct statement of the law applicable to the
   case.
3. In the absence of all evidence, a person injured is presumed to
   have been in the exercise of ordinary care; but such pre-
   sumption does not obtain where there is credible evidence to
   the contrary.

APPEAL from a judgment of the circuit court for Mil-
waukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

Personal injury. The plaintiff, a woman eighty-six
years of age, attempted to cross Vliet street in the city of
Milwaukee ahead of an approaching street car. She was
struck, injured, and brought this action in the civil court of
Milwaukee county to recover damages. The jury found
that the street car was being run at a dangerous and un-
reasonable rate of speed; that the motorman was guilty of
a want of ordinary care in the operation of his car; that the

operation of the car at an unreasonable rate of speed, and the want of ordinary care on the part of the motorman, was the proximate cause of the injury; that the plaintiff was not guilty of contributory negligence; and that the plaintiff did not look before entering the zone of danger. After verdict the plaintiff moved the court to change the answer to question 5 so that the verdict would find that the plaintiff did look before entering the zone of danger, and for judgment on the verdict as so changed. The defendant moved for judgment upon the verdict. The defendant's motion was granted. There was an appeal to the circuit court from the judgment of the civil court. On the appeal the judgment of the civil court was affirmed, and from the judgment of the circuit court this appeal is taken.

*Martin J. Brennan* of Milwaukee, for the appellant.

For the respondent there was a brief by *Van Dyke, Shaw, Muskat & Van Dyke,* and oral argument by *Ralph M. Hoyt,* all of Milwaukee.

Rosenberry, J. Two questions are presented. The plaintiff claims, first, that the verdict of the jury, finding that the plaintiff did not look before entering the zone of danger, is contrary to the established physical facts; and second, that the trial court erred in refusing the plaintiff's request to instruct the jury as follows:

"You are instructed as to the fifth question of the special verdict that the plaintiff is presumed to have looked and listened before entering the zone of danger; that she conducted herself as the greater mass of women of her age, her infirmities, would have conducted themselves under the same circumstances; and that plaintiff is presumed to exercise the care that women of her age and infirmities would have exercised under the same circumstances," citing *Whitty v. Oshkosh,* 106 Wis. 87, 81 N. W. 992.

1. We have carefully examined the evidence and plaintiff's argument in support of the first contention, and are of the opinion that the verdict of the jury is amply supported

by the evidence and not contrary to the established physical facts.

2. The trial court did not err in refusing the requested instruction, because it is not a correct statement of the law applicable to the case. While it is true that in the absence of all evidence persons are presumed to have been in the exercise of ordinary care, such presumption does not obtain where there is, as in this case, credible evidence to the contrary. An eye-witness testified that plaintiff did not look. The verdict of the jury shows that the testimony of this witness was credible. The request, made as it was without qualifications, was for that reason alone properly denied. The trial court properly submitted the matter to the jury upon the whole evidence as it stood.

*By the Court.*—Judgment affirmed.