PEEPER vs. PEEPER and others.

*November 11 — November 22, 1881.*

*Appealable Order.*

An order of the circuit court staying proceedings in a partition suit until the county court should determine the interests of the respective parties in a certain estate to which the realty in question belonged, and should make distribution of the estate — *held* not appealable.

APPEAL from the Circuit Court for *Grant* County.

The action is by one of the heirs of Joseph Fenley against his widow and other heirs, for partition of certain real estate of which he died seized, and which he did not dispose of by will. The circuit court proceeded in the trial of the action upon issues made by the answers of two of the defendants, until it became apparent that the distributive shares of some of the heirs were chargeable with various sums received by them respectively from the intestate by way of advancement, and until it appeared that proceedings to administer the estate of the intestate were pending in the proper county court. The circuit court thereupon stopped the trial, and made the following order:

"This action being pending in this court upon the complaint of the plaintiff and answer of defendants *Emily Fenley, Sr.*, and *Emily Fenley, Jr.*, and the court having heard some testimony therein, and being of the opinion that a ques-

tion of advancements may arise between the parties hereto on account of advancements which it may be shown were made by the deceased, Joseph Fenley, to certain of his children, parties to this suit, or to the parents of children who are parties to this suit, and that application has been made to the county court of said county for administration upon the estate of said deceased,— in order that the matter of advancements may be considered, and it appearing to the court that the county court can more easily and speedily hear and determine said matter of advancements than this court, and thereupon equitably distribute and partition said estate according to the rights of the parties therein, and assign and set off to the widow of said deceased her dower in said land:   It is now, therefore, by the court ordered that proceedings in this action be stayed until the county court determine said question of advancements, and accordingly distribute. the. estate of deceased, or until the further order of this court herein."

The plaintiff appealed from this order.   The defendants who answered moved here to dismiss the appeal, on the ground that the order was not appealable.

For the appellants there was a brief by *Mills & Merrick*, and oral argument by *J. T. Mills*.

The cause was submitted for the respondents on the brief of *Geo. Clementson*.

LYON, J.   The order staying proceedings in the circuit court, from which this appeal is taken, does not involve the merits of the action, or any part thereof, and therefore is not an appealable order.   The cases of *Johnston v. Reiley*, 24 Wis., 494; *Noble v. Strachan*, 32 Wis., 314; *Parmalee v. Wheeler*, id., 429; and *McDonald v. G. B. & M. Canal Co.*, 42 Wis., 335, are not distinguishable in principle from this case.   Those cases are conclusive against the appealability of this order, and nothing can profitably be added to what is said in them on the subject.

*By the Court.*— The appeal is dismissed.