Cook, Appellant, vs. McComb and others, Respondents.

*November 8 — November 26, 1895.*

*Appealable order: Ejectment: Defective tax title: Payment as condition of judgment.*

An order made under sec. 3087, R. S., directing that a plaintiff in ejectment, who is entitled to recover by reason of the insufficiency of tax deeds under which defendants claim, shall, as a condition of judgment, pay a certain sum to defendants within ninety days, is not appealable, since it does not prevent a judgment from which an appeal may be taken.

APPEAL from an order of the circuit court for Oconto county: S. D. HASTINGS, JR., Circuit Judge. *Dismissed.*

This is an action of ejectment, in which the plaintiff was found entitled to recover by reason of the insufficiency of several tax deeds under which defendants claimed title, and all the facts were found to exist requisite, under sec. 3087, R. S., to entitle them to an order that the amount for which the lands were sold, and the cost of executing and recording the tax deeds, and the amount paid by them for taxes assessed on the premises subsequent to the tax sale, with interest on such sum at the rate of twenty-five per cent. per annum from the time so paid till the date of the verdict, be set off against the damages awarded to the plaintiff by the verdict, and for the payment to them of the excess, with interest thereon from the date of the verdict, within ninety days, as a condition of judgment being entered in plaintiff's favor. The court entered the order accordingly, but in fixing the amount to be set off or paid, as required by said section, interest was computed upon all the tax sale certificates from the date of the tax sales, while the evidence showed that defendants bought the certificates of the county at their face several years after the sale. Plaintiff excepted to the order upon the ground that defendants were only entitled to

interest upon the amount paid for the tax-sale certificates from the time so paid.

*W. H. Webster,* for the appellant.

For the respondents the cause was submitted on the brief of *E. J. Goodrick.*

MARSHALL, J. The first question to be determined on this appeal is whether the order is appealable. This must be decided in favor of the respondents. The right of appeal is purely statutory, and is regulated by sec. 3069, R. S., as amended by ch. 212, Laws of 1895. If it comes under any part of such section, it is subd. 1, which reads as follows: "An order affecting a substantial right made in an action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken." Obviously, this order does not prevent a judgment from which an appeal might be taken. It may be said that if a person circumstanced as appellant is waits till the entry of judgment and appeals from the judgment, in case of affirmance it will result in absolutely depriving him of his land, for in the meantime the period will have expired limited for compliance with the condition precedent to judgment in his favor, prescribed by the statute. But that is a matter for the legislature to regulate, and not the court. The legislature has clearly failed to provide that the order in question is appealable, and, if the result of a judicial declaration to that effect is to work hardship, the court is not responsible for it.

It follows from the foregoing that the appeal must be dismissed.

*By the Court.*— The appeal is dismissed.