JOHNS and others, Appellants, vs. NORTHWESTERN MUTUAL
RELIEF ASSOCIATION, Respondent.

| 94 | 431 |
| 103 | 672 |

*November 5 — November 24, 1896.*

*Appealable order: New trial after remission of record to trial court:
Mutual benefit societies.*

On an appeal in an equitable action against a mutual benefit society
to enforce the levy of an assessment to pay a loss, it was held
that the defendant was not liable because the deceased came to
his death by suicide; but the question whether under the peculiar
wording of the contract the plaintiffs could recover a percentage
of the assessments paid was left undetermined, and the cause was
remanded for further proceedings according to law. After the
cause had been remitted to the trial court, a motion was made for
permission to introduce additional evidence, or for a new trial.
*Held,* that an order denying such motion was not appealable.

APPEAL from an order of the circuit court for Waukesha
county: WARHAM PARKS, Circuit Judge. *Appeal dismissed.*

For the appellants there was a brief by *Ryan & Merton,*
and oral argument by *E. Merton.*

For the respondent there was a brief by *H. W. Chynoweth*
and *T. W. Haight,* and oral argument by *Mr. Chynoweth.*

CASSODAY, C. J.    This action in equity was commenced
September 23, 1893, to enforce an assessment to pay the loss
suffered by the death of Hubert Johns, June 1, 1893, under
the contract of insurance. The case was here upon a former
appeal, and we held that there was no liability for such
death, for the reason that it was the result of "suicide or
self-destruction," but left it open to be determined whether
a recovery could be had for a percentage of the assessments
paid by the deceased, under the peculiar wording of the
contract, and so remanded the case for further proceedings
according to law.    90 Wis. 332.    Thereupon the plaintiffs
moved the trial court for permission to introduce additional

evidence, or for a new trial. From an order wholly denying that motion, but without costs, and ordering judgment to be entered as therein directed, the plaintiffs bring this appeal.

Manifestly, it is not an order affecting a substantial right, determining the action, and preventing a judgment from which an appeal might have been taken, within the meaning of the statutes. R. S. sec. 3069, as amended by ch. 212, Laws of 1895. It is a mere interlocutory order, and is not appealable. *In re Schumaker*, 90 Wis. 488; *Cook v. McComb*, 91 Wis. 445.

*By the Court.*— The appeal is dismissed as of November 5, 1896.