Maynard and another vs. Town of Greenfield.

====

MAYNARD and another, Respondents, vs. TOWN OF GREENFIELD, imp., Appellant.

*May 22 — September 26, 1899.*

*Appealable order: Practice: Interlocutory judgment.*

1. An order, made in an action brought to set aside an alleged invalid assessment of taxes, staying proceedings until a tax can be levied in accordance with sec. 1210*b*, Stats. 1898, and ordering the proper of-

ficers of the defendant town to proceed to make such reassessment and levy, is not appealable; it does not in effect determine the action and prevent a judgment from which an appeal can be taken. *Pratt v. Lincoln Co.* 61 Wis. 63, distinguished.

2. To render an order appealable it is not enough that the merits of the suit are all decided by the findings and conclusions of law and such findings have been filed and the order is for the entry of judgment. The order therefor must have been carried out by the entry of the judgment.

3. It is suggested, but not decided, that, in cases where a finding or decision has been made substantially disposing of the merits of the action but leaving or requiring some further act to be done or issue to be decided before final judgment, entry of an interlocutory judgment under the practice authorized by sec. 2883, Stats. 1898, may save burdens that might otherwise be cast upon litigants before an appeal could be taken for the review of such decision.

APPEAL from an order of the superior court of Milwaukee county: GEO. E. SUTHERLAND, Judge. *Appeal dismissed.*

For the appellant there were briefs by *Henderson & Williams* and *Winkler, Flanders, Smith, Bottum & Vilas*, and oral argument by *F. W. Henderson* and *J. G. Flanders*.

For the respondents there were briefs by *Orren T. Williams* and *Rogers & Mann*, and oral argument by *Mr. Williams*.

The following opinion was filed June 2, 1899:

DODGE, J.    This is an appeal from an order made in an action to set aside an alleged invalid assessment of taxes staying proceedings until a tax can be levied in accordance with sec. 1210*b*, Stats. 1898, the court having first found facts and reached a conclusion of law that such assessment was invalid.    The order, in terms, not only stays proceedings until a reassessment can be had, but also orders that the proper authorities of the town of *Greenfield* proceed to make a reassessment and levy.

With some reluctance we feel constrained to hold that this order is not appealable.    It is clearly an order in an action,

and, to be appealable, must, "in effect, determine the action, and prevent a judgment from which an appeal may be taken." It certainly does not do this. It merely postpones proceedings in the action until a certain fact is ascertained, whereupon judgment is to be rendered, from which an appeal can be taken. It is not enough that the merits of the suit are all decided by the findings and conclusions of law, for that would be equally true in any case where the findings had been filed and an order for judgment made, in which case no appeal lies until the order has been carried out by the entry of the judgment. *Johns v. N. W. Mut. R. Asso.* 94 Wis. 431. Orders which merely postpone the entry of judgment for the performance of some act have repeatedly been held not appealable. *Cook v. McComb*, 91 Wis. 445; *Johnston v. Reiley*, 24 Wis. 494; *Felt v. Amidon*, 48 Wis. 66; *Peeper v. Peeper*, 53 Wis. 507; *Parmalee v. Wheeler*, 32 Wis. 429. In *Felt v. Amidon, supra,* it was said: "We think this section refers to such orders, and such only, as by their very nature determine the action or prevent a judgment. . . . But when an order stays proceedings until an act shall be performed which is not illegal, and which is such as can ordinarily be performed, such stay cannot be said to determine the action or prevent a judgment." In that case, it is true, the act for which a stay was granted was one to be performed by the party appealing, but in *Peeper v. Peeper, supra,* the stay depended on the decision of an issue in probate in county court, and was held not appealable. We are aware that an appeal from an order exactly similar to the one at bar was entertained by this court in *Pratt v. Lincoln Co.* 61 Wis. 63, but the question of its appealability was not raised or considered by the court; and, further, at that time the statute authorized on appeal from an order "involving the merits of the action, or any part thereof," which authority was taken away by ch. 212, Laws of 1895. Under the statute as it now exists, we are denied jurisdiction.

Appreciating fully the objections to the practice hereto-
fore followed in obedience to sec. 1210*b*, whereby the bur-
dens of a reassessment are cast on the town before an ap-
peal can be had from the court's decision upon substantially
all the material issues of the case, although such decision is
fully reached before such reassessment, we deem it proper
to suggest to trial courts the probability that new legisla-
tion contained in the revision of 1898 has now authorized a
practice which may be free from those objections.   Sec. 2883,
Stats. 1898, brings into our practice and authorizes an *inter-
locutory judgment* in case of a finding or decision substan-
tially disposing of the merits, but leaving an account to be
taken or issue of fact to be decided; and sec. 3047 author-
izes appeals from interlocutory judgments.   We at present
see no reason why that step might not hereafter be taken in
cases of this sort at the stage at which the stay order is di-
rected by sec. 1210*b*.   As the question is not before us, how-
ever, we cannot and do not authoritatively decide it, but
content ourselves with this mere suggestion.

*By the Court.*— Appeal dismissed.


A motion for a rehearing was denied September 26, 1899.