(November 14, 1900.)

## HAVENS v. STEWART, JUDGE.

[62 Pac. 682.]

ORDER STRIKING COMPLAINT FROM FILES—EFFECT OF—APPEAL —FINAL JUDGMENT—DISTRICT COURT — MANDAMUS.—It is the duty of the district court in a case where the complaint is stricken from the files to order a formal judgment, and have the same entered, dismissing the action so that the plaintiff may avail himself of his constitutional right to appeal. *Mandamus* is the proper remedy to compel the entry of a final judgment in a case where the district court strikes plaintiff's complaint from the files and refuses to order the entry of final judgment.

(Syllabus by the court.)

Original proceeding for writ of mandate.

Lot L. Feltman, for Plaintiff.

The decision of the district court quashing the summons and striking the complaint from the files was an order, and not a final judgment, upon which an appeal may be taken. (*Loring v. Illsley,* 1 Cal. 29; *Rhodes v. Craig,* 21 Cal. 419; *McLaughlin v. Doherty,* 54 Cal. 519; *Craig v. Palmer,* 28 Cal. 416; *Gilman v. County of Contra Costa,* 8 Cal. 57, 68 Am. Dec. 290, and note; *In re Rose's Estate,* 80 Cal. 166, 22 Pac. 87; *Grey v. Cederholm,* 2 Idaho, 34, 3 Pac. 12). It has none of the elements of a judgment. It is nowhere stated that it is adjudged, ordered, or decreed or considered that the plaintiff should have or recover of defendants, nor that defendant should have or recover of plaintiff, the sum of $310, or any other sum. (*Durant v. Comegys,* 3 Idaho, 204, 35 Am. St. Rep. 267, 26 Pac. 755; *Lalande v. McDonald,* 2 Idaho, 307, 13 Pac. 347; *Hodgens v. Harris,* 4 Idaho, 517, 43 Pac. 72.) An order for a judgment is not such a final judgment as an appeal can be taken from, under the statutes of Idaho. (*Gregg v. Groesbeck,* 11 Utah, 310, 40 Pac. 202; *Potter v. Talkington,* 5 Idaho, 317, 49 Pac. 14.) An order striking out a complaint has been held not appealable in California, but the error complained of may be reviewed on appeal from final judgment. (*Strathern v. Dakin,* 63 Cal. 478; *Swain v. Burnette,* 76 Cal. 299, 18 Pac. 394; *Cleland v. Walbridge,* 78 Cal. 358, 20 Pac. 730; *Clifford v. Allman,* 84 Cal. 528, 24 Pac. 292; *Smith v. Ling,* 73 Cal. 72, 14 Pac. 390.) Appeal was unknown to the common law, and cannot be extended to cases not within the statute. (*Rupert v. Alturas County,* 1 Idaho, 21; *General Custer Min. Co. v. Van Camp,* 2 Idaho, 40, 3 Pac. 22; *Van Camp v. Commissioners of Custer County,* 2 *Idaho,* 29, 2 Pac. 271.) The remedy of a party so prejudiced is by application for a *mandamus* to compel the judge to proceed with the case to the entry of a final judgment. (*Rhodes v. Craig,* 21 Cal. 419; *Avery v. Superior Court,* 57 Cal. 250; *Clifford v. Allman,* 84 Cal. 528, 24 Pac. 293.)

John C. Rice, for Defendant.

When a pleading has been stricken from the files, for all practical purposes the result is the same as if no pleading had been filed. When an answer is stricken from the files, a plaintiff is entitled to judgment as by default. When a complaint is stricken there can be no further consideration of the complaint, and no further proceedings based upon the complaint. Where there is no complaint there can be no judgment, and any attempt to enter any kind of a judgment, even of dismissal, where there is no complaint would be a mere nullity. *Mandamus* will not lie to compel the performance of an impossible act or an act which would be a mere nullity. (High on Extraordinary Remedies, 2d ed., 18, 19; 13 Ency. of Pl. & Pr. 530.) Whether under sections 4350 and 4800 of the Revised Statutes the order of the court was a final judgment or order, and therefore appealable under section 4807, as amended, we are not prepared to say.' Appeals have been allowed in California upon the same state of facts in *Dupuy v. Shear,* 29 Cal. 238; *Carpenter v. Minturn,* 39 Cal. 450. Also the following defining final judgment: *Weston v. City Council of Charleston,* 2 Pet. 449, 7 L. ed. 481; *Fuller v. Claflin,* 93 U. S. 14, 23 L. ed. 785; *Tippecanoe Co. v. Lucas,* 93 U. S. 108, 23 L. ed. 822; *Ex parte Baltimore etc. R. R. Co.,* 108 U. S. 566, 2 Sup. Ct. Rep. 876, 27 ed. 812; *Gumbel v. Pitkin,* 113 U. S. 545, 5 Sup. Ct. Rep. 616, 28 L. ed. 1128.

QUARLES, J.—The plaintiff in this proceeding prays for a peremptory writ of *mandamus* compelling the defendant, as district judge, to render an order entering a final judgment in an action commenced by said plaintiff in the district court of the third judicial district in and for Canyon county on the twelfth day of November, 1899, against the defendants therein, Maurice G. Stiles et al., the facts being briefly as follows, to wit: Complaint was filed and summons issued in the district court, Canyon county, on November 12, 1899. Summons was thereafter served upon the defendants in the action. Afterward, on motion of the defendants in said action the district court quashed the summons, and made an order striking the complaint from the files upon the ground that the said complaint was filed and the said summons issued on Sunday. Said order is as follows,

after entitling court and cause and stating prefatory matter, to wit: "It is ordered that the summons issued in said action be, and the same is hereby, quashed, and set aside. It is further ordered that the complaint filed in this action be stricken from the files, and the same is hereby stricken from the files." Afterward the plaintiff moved said district court to enter a formal judgment in the action, which motion was denied by the following order made by the district court in words following, to wit: "In this matter, motion of counsel for formal judgment coming on to be heard and the court having heretofore entered such order and judgment as the pleadings authorized, this motion is denied." The plaintiff here contends that the plaintiff is entitled to have such final disposition of the case made in the lower court by way of final judgment as will entitle him to appeal from the action of the district court in that case. It is contended, on the other hand, that the action of the district court was a final disposition of the case, and left nothing to be done in the court; the court's action finally settling the rights of all parties. This contention seems plausible, but to our minds is not tenable. As we view the matter, the position of the plaintiff in the case in the lower court, after the order striking the complaint from the files had been entered, was precisely the same as it would have been had a demurrer been sustained to the complaint, and no leave granted to file an amended complaint. It has been repeatedly held by this court, under the provisions of our Code, that an appeal will not lie from an order sustaining a demurrer to a complaint. We think it apparent that a demurrer which is sustained to a complaint without leave to amend, or in a case where the plaintiff cannot amend, as effectually disposes of the plaintiff's action as does an order striking the plaintiff's complaint from the files. It is the manifest intention of the provisions of our constitution and of the provisions of our code to grant every party to a civil action the right to appeal from a determination of the action against him by a district court to this court. To enable the plaintiff here to appeal from the action of the district court in the case there pending, a formal judgment of dismissal should be entered in the district court. Having stricken the complaint from the files, we think it the duty of the district court to have

entered a formal judgment dismissing the action. In this proceeding we are not called upon, nor have we the right, to pass upon the correctness of the district court in striking the plaintiff's complaint from the files in the action pending in the district court. The only matter which we are called upon to decide is whether the district court should have ordered the entry of a final judgment dismissing the action. It is clear to our minds that it was the duty of the district judge to order the entry of such final judgment. Such action could not prejudice the defendants in that action, but the refusal to order such judgment entered is tantamount to a denial to the plaintiff of his constitutional right to appeal from the action of the district court. For the foregoing reasons, the peremptory writ of *mandamus* demanded is granted. Costs awarded to plaintiff.

Huston, C. J., and Sullivan, J., concur.