BENOLKIN, Respondent, vs. GUTHRIE, Appellant.

*September 26 — October 15, 1901.*

(1) *Appealable order.* (2-4) *Deceit: Desirability of location for store: Expression of opinion: Damages.* (5) *Pleading: Construction.*

1. An order refusing to dismiss an action for noncompliance with sec. 2632, Stats. 1898 (relating to payment of the state tax, etc.), does not prevent a judgment from which an appeal may be taken, and is therefore not appealable.
2. Where a person was induced by false representations as to the quality of goods which had been purchased for a proposed department store to establish a millinery department therein with a first-class stock of goods, the fact that she was seeking a desirable location for such an establishment in the same city would not prevent her recovering damages caused by the deceit.
3. Representations made by the proprietor of a proposed department store, to a person contemplating the establishment of a millinery store, for the purpose of inducing the latter to locate in such department store, that, as an existing fact, he had purchased a first-class stock of goods for such store, including the various articles of ladies' wear of the best quality, are statements of fact material to the question whether such store would be a desirable place in which to conduct a first-class millinery business, and not mere expressions of opinion, and if false may form the basis of an action for deceit.
4. Allegations, in the complaint in an action to recover for such deceit, that but for said false representations plaintiff would not have purchased said millinery stock at all, and that by reason thereof, being unable to sell the goods, she suffered certain losses by depreciation, are *held* sufficient to show that the loss by depreciation was the result of the deceit.
5. A pleading cannot legitimately be subjected to any technical or narrow reading or construction for the purpose of determining its sufficiency, nor can it be condemned because all the essential facts are not clearly alleged without resort to inference.

APPEAL from an order of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

Action for deceit. The substance of the complaint is as follows: August 20, 1900, defendant, for the purpose of in-

ducing plaintiff to take space for a millinery department in
a store to be established by him in the city of Superior, Wis-
consin, and to incur the necessary expense for a first-class
stock of millinery goods and the establishment and opera-
tion of such a department, falsely represented to her that
he had purchased for said store a stock of goods of the finest
quality,— better than was kept in any store then existing
in Superior; that such stock included the various articles of
the best quality for ladies' wear. Defendant knew such
representations were false, but plaintiff supposed them to be
true and had no means of knowing to the contrary. She
relied upon such false representations, and, so relying, pur-
chased a first-class stock of goods for a millinery depart-
ment in defendant's store in accordance with his wish and
at a cost of $1,121.72, and incurred other expenses in and
about establishing and operating such department to the
extent of $650.90, none of which expenditures would have
been made except for such false representations. The stock
of goods in fact purchased by defendant was of a very in-
ferior quality and not suitable to invite such customers as
would desire goods of the quality purchased and carried by
plaintiff. The trade acquired by defendant would not and
did not take plaintiff's goods. She sold $158.43 worth of
her goods, leaving a balance on hand of the value, at cost
price, of $963.29, but which, by reason of being secondhand
and out of style, were not worth to exceed $321.10. Plaint-
iff made a lease of space in defendant's store for her milli-
nery department in September, 1900. By reason of the
premises plaintiff sustained damage in the sum of $1,298.09.
Judgment was demanded for that sum with costs.

Defendant demurred to the complaint for insufficiency
and upon the ground that several causes of action were im-
properly united. A motion was made for a change of venue
on the ground of prejudice of the presiding judge, and an
order was accordingly made. Thereafter, upon the ground

that such order had ceased to be operative because defendant had failed to seasonably procure the transmission of the record as the statute requires, the court entertained the cause for the purpose of hearing the demurrer. In the meantime a second motion for a change of venue and two other motions were made and denied, one of such motions being to dismiss the action for failure to pay the state tax and file the complaint as required by statute. The demurrer was overruled and an order was entered accordingly. Written exceptions were filed to the following orders: (1) Order refusing to extend the time for defendant to comply with the order changing the place of trial; (2) order refusing to dismiss the action for noncompliance by plaintiff with sec. 2632, Stats. 1898, and staying proceedings on the part of defendant; (3) order denying the second motion for a change of venue; (4) order overruling the demurrer. This appeal is from the second and fourth of such orders.

For the appellant there was a brief by *Arnold & Arnold,* and oral argument by *N. B. Arnold.* They contended, *inter alia,* that defendant's statements were merely general terms in regard to his own property, and, there being no allegation but that he bought the goods, his statements as to their quality could not be relied on. *Louis F. Fromer & Co. v. Stanley,* 95 Wis. 60; *Sheldon v. Davidson,* 85 Wis. 138; *Warner v. Benjamin,* 89 Wis. 296; *Fowler v. McCann,* 86 Wis. 431; 14 Am. & Eng. Ency. of Law (2d ed.), 129, note 2; *Fargo G. L. & C. Co. v. Fargo G. & E. Co.* 37 L. R. A. 593, note pp. 604, 605, a and c; *Hedin v. Minneapoli~ M. & S. Institute,* 35 L. R. A. 417, note II.

For the respondent there was a brief by *J. De La Motte,* and oral argument by *T. M. Thorson.*

MARSHALL, J. It is too clear for argument that the order refusing to dismiss the action is not appealable. It did not prevent a judgment from which an appeal could be taken,

therefore does not satisfy the requirements of subd. 1, sec. 3069, Stats. 1898; and it is not claimed, and could not be, reasonably, that it satisfies any other provision of the law on the subject of appealable orders.

We have before us for consideration only the question of whether the complaint states a cause of action against defendant, though counsel have favored us with a lengthy argument to show, not only that the order which is not appealable, as indicated, is erroneous, but that two other orders, from which no appeal is taken, are also erroneous. Manifestly, we need not take further notice of that part of counsel's brief. In the argument challenging the decision of the demurrer, we find that the claim that two causes of action were improperly united in the complaint has been abandoned.

The first defect pointed out in support of the general demurrer is that the complaint shows that plaintiff did not do anything different from what she intended to do independent of the alleged wrongful conduct of defendant. That is predicated on an introductory allegation in the complaint to the effect that when respondent negotiated with appellant in respect to opening a millinery department in his store, she was 'seeking a desirable location for the purpose of conducting such an establishment to cater to the best trade in the city of Superior, wherein would be kept nothing but goods of the best grade and quality of everything in the millinery line.' It can hardly be argued from that, reasonably, that plaintiff would have selected defendant's store as a desirable location for her business had he not made the false representations charged against him, or that she would, had she not relied upon such false representations, have incurred the expense alleged. It seems that the complaint fairly shows that respondent established a millinery department in appellant's store, choosing that as a favorable location therefor upon the faith of the alleged

Benolkin vs. Guthrie.

false representations.  True, she intended to start a milli-
nery store with a first-class stock of goods if she could find a
favorable location, but she would not have cast her lot with
defendant, as she alleges, except for his representations as
to the kind of stock he purposed keeping and had in fact
purchased, indicating that his store was to be of such a
character as to draw to it customers who would desire the
kind of goods she purposed keeping.

The next suggestion is that the representations made were
mere expressions of opinion by one as to the quality of his
own property, hence not actionable under any circum-
stances.   To that counsel cites to our attention cases where
it has been held that the mere casual expression of an opin-
ion, or the expression of any opinion, as to the value of prop-
erty, or any other mere opinion, is not actionable.   There
is no doubt about that principle, but it does not apply to the
allegations of the complaint before us.   It is there alleged
that defendant represented, as an existing fact, that he had
purchased for his store a first-class stock of goods including
the various articles of ladies' wear of the best quality.   It
may reasonably be inferred from that allegation, and the
one to the effect that plaintiff had no means of knowing
whether such representation was true or false, that the goods
purchased by appellant were not where respondent could
have inspected them and determined for herself their qual-
ity.  The alleged false representations, under the circum-
stances, cannot be said to have been mere expressions of
opinion.   They were statements of facts material to the
question of whether appellant's store would be a desirable
place for respondent to conduct a millinery business.  There
is a wide distinction, ordinarily, between false representa-
tions of material facts, which, if made knowingly or with-
out knowing whether they are true or false, for the purpose
of inducing another to enter into a contract and incur ex-
pense, and which effect such purpose to the damage of such

other, are actionable, and the mere expression of an opinion as to value or as to some other fact. The representations alleged in the complaint belong to the former class. That seems too clear to warrant spending further time discussing it. The uniform rule is that a statement as to the character, or even the value, of property, where the same is at a distance, or so located that the person to whom they are made may reasonably rely thereon, for the purpose of inducing him to enter into a contract or incur expense or part with anything of value, is the statement of a fact, not a mere expression of opinion. *Horton v. Lee*, 106 Wis. 439; *Witherwax v. Riddle*, 121 Ill. 140; *Harris v. McMurray*, 23 Ind. 9; *McKnight v. Thompson*, 39 Neb. 752; *Henderson v. Henshall*, 54 Fed. Rep. 320; *Chrysler v. Canaday*, 90 N. Y. 272; 1 Bigelow, Fraud, 496.

The next objection to the complaint is that there is no allegation that respondent would have sold her stock had the representations complained of been true, or that the depreciation in the value of the stock was caused by the deceit alleged. There is an allegation in plain language that had it not been for the false representations plaintiff would not have purchased the stock of goods at all, and that by reason of the facts stated she suffered loss by depreciation to the extent of $642.19. Those allegations together seem to plainly cover the infirmity claimed. They show that respondent would not have placed herself in a position to suffer loss but for the deceit practiced upon her, and that she in fact suffered loss by depreciation of her property while trying to sell the same under the conditions to which defendant fraudulently induced her to subject herself.

It is further said, in effect, that there is no allegation that plaintiff was misled, not having an opportunity to see for herself the quality of the goods. On the contrary, there is a plain allegation that plaintiff neither knew whether the

representations made to her were true or false, nor had an opportunity for discovering the truth.

There are many other suggestions in the brief of counsel for appellant, why the complaint is insufficient, but none of them points out any substantial defect in the pleading which is found to exist on a careful reading thereof, applying thereto the liberal rules which the statute requires, in determining the intention of a pleader and the facts stated in the pleading, either expressly or by reasonable inference. A pleading cannot legitimately be subjected to any technical or narrow reading or construction for the purpose of determining its sufficiency, nor can it be condemned because all the essential facts are not clearly alleged without resort to inference. The statute, sec. 2668, Stats. 1898, commands that, " in the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed with a view to substantial justice between the parties," and conformably thereto it has often been decided that " every reasonable intendment and presumption is to be made in favor of a pleading " (*Morse v. Gilman,* 16 Wis. 504); and that, if the essential facts can be discovered, as alleged in the pleading to exist, either by express statement or reasonable inference, " it must be held good though the allegations thereof be in form uncertain, defective, and incomplete " (*Flanders v. McVickar,* 7 Wis. 372; *Horn v. Ludington,* 28 Wis. 81; *Miller v. Bayer,* 94 Wis. 123; *Pfister v. Sentinel Co.* 108 Wis. 572). Reading the complaint before us in the light of those rules, the defects claimed by counsel for appellant to exist cannot be discovered. We shall not take time to refer further in detail to the suggested defects. Those we have particularly referred to are a fair sample of the rest. The complaint sufficiently charges that the defendant made false representations to plaintiff in respect to material facts, to induce her to incur expense to establish a millinery department in his store; that she neither

knew nor had means of knowing whether such representations were false; that she relied upon them as being true, and was thereby caused to comply with defendant's desire in respect to establishing a millinery department, and in so doing expended the sum of money stated in the complaint, and by reason thereof suffered the loss therein alleged. That makes a cause of action in plaintiff's favor to recover damages.   In sustaining the complaint we are not called upon to approve of it as to form.   The necessary substance to make a cause of action being discovered, the pleading must be held good though it contains unnecessary allegations and the essential allegations are not clearly and closely connected, nor the facts stated with that particularity, conciseness, and perspicuity characteristic of an experienced pleader.

*By the Court.*— The order appealed from is affirmed.