LAND AND SECURITIES COMPANY, Respondent, vs. CITY OF
SOUTH MILWAUKEE, Appellant.

*February 1—February 23, 1906.*

*Appealable orders: Practice.*

1. An order in proceedings pursuant to sec. 1210*b*, Stats. 1898, stay-
ing all proceedings in the action until there can be a re-assess-
ment of all the property of the municipality affected, is not ap-
pealable. *Maynard v. Greenfield*, 103 Wis. 670, followed and ap-
proved.

2. Sec. 1210*b*, Stats. 1898, under which such order was entered, con-
templates that the action shall be closed by a judgment; and
such order is a mere intermediate direction reviewable on
appeal from the final judgment.

3. In such case it is suggested that it would be proper practice to
enter an interlocutory judgment from which an appeal could
be taken, and such judgment would prevent all prejudice to lit-
igants that might otherwise arise under the present condition of
the appeal statutes, in the administration of sec. 1210*b*, Stats.
1898.

APPEAL from an order of the circuit court for Milwaukee
county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

Action to restrain the sale of several parcels of land owned
by the plaintiff for delinquent taxes for 1900. The issues
joined by the pleadings were decided, as appears from the
findings, thus:

(1) The assessors of the defendant city valued plaintiff's
unimproved lands for the taxes of 1900 much more than they
did an equal area of unplatted land similarly situated and of
like value.

(2) The valuation was according to an arbitrary rule
adopted by the assessors, that a distinction should be made
between platted and unplatted land; that the former by virtue
merely of the condition of having been platted should be re-
garded, acre for acre, as far more valuable than unplatted
lands of equal area.

(3) The disproportionate assessment was not made through

any bad motive, but resulted in unequal taxation in the assessment district.

(4) Many tracts of land within the assessment district by reason of such arbitrary rule were overvalued for the purposes of taxation for said year, affecting prejudicially the owners thereof, with the result that five actions similar to this one are pending for relief.

(5) Plaintiff's platted lands were assessed much higher in proportion to actual value than business property and improved residence property in the assessment district.

(6) By reason of such arbitrary distinction between platted and unplatted lands, and improved and unimproved lands, the groundwork of the tax as to all property in the assessment district is affected, throwing upon the plaintiff a heavier burden of taxation than in justice he should bear.

(7) It is impossible without a re-assessment to determine the equitable proportion of the tax levy for the year 1900 which should be paid by the plaintiff on account of his said lands.

(8) For the reasons stated, affecting the groundwork of the tax as to all property in said municipality and assessment district, such assessment and the taxes and tax proceedings based thereon should be set aside.

The court regarded such findings as making a case requiring a re-assessment of all the property in the municipality to be made under sec. 1210b, Stats. 1898, and accordingly ordered all proceedings in the action stayed until that could be accomplished. From that order this appeal was taken.

For the appellant there was a brief by *Quarles, Spence & Quarles,* and oral argument by *T. W. Spence.*

For the respondent there was a brief by *Wheeler & Perry,* and oral argument by *Lyman G. Wheeler.*

MARSHALL, J. It seems unfortunate that counsel overlooked *Maynard v. Greenfield,* 103 Wis. 670, 79 N. W. 407,

wherein it was decided that such an order as the one we have here is not appealable. Sec. 3069, Stats. 1898, defining appealable orders does not include such as this. It is an order affecting a substantial right made in an action, but *it does not determine the action and prevent a judgment from which an appeal may be taken.* Sec. 1210*b* under which it was entered contemplates that the action shall be closed by a judgment. It is considered that the order is a mere intermediate direction reviewable on appeal from the final judgment.

Precisely a like situation as the one before us was presented in the case cited and the appeal was dismissed. Whether such an order could reasonably be regarded as an interlocutory judgment and reviewable as such has been foreclosed so long it is considered that the principle of *stare decisis, et non quieta movere* should prevail.

We are not unmindful that one circumstanced like the appellant might be most seriously prejudiced if there was no way open for a review of the decision calling for a new assessment of all the property in the municipality with its burdensome necessary expense, and necessary disturbance of public affairs, before compliance with the decision would open the way for a final judgment. In case of such a decision being erroneous the mere correction thereof after judgment would be very inadequate relief. It would be so inefficient as to leave the municipality practically remediless for the injury inflicted by the judicial error.

The purpose of this action is to avoid the taxes on several parcels of land owned by respondent because the same were overvalued for the purpose of taxation. The sole complaint is that because of such overvaluation, unless aided by the court, respondent will be injured by having its land sold for a greater part of the tax levy for 1900 than should have been apportioned thereto. Because of the truth of such complaint, as the court found the same, and because other lands in the municipality are similarly circumstanced and all the property in

the assessment district liable to taxation is affected thereby (not prejudicially to the owners, of course, but necessarily to their advantage), the learned court held that the condition existed contemplated by the statute, as rendering necessary a re-assessment of all of the taxable property of the municipality in order to determine the plaintiff's equities. Whether that view be correct or not, might well challenge the serious attention of the court under circumstances permitting an investigation of the matter, and yet, unless the validity of the order appealed from can be inquired into in some way, prior to the entry of a final judgment, it is easy to see that large expense must necessarily be incurred and appellant laid liable to serious and irremediable prejudice. That moved the court to most carefully reconsider its former decision with the result before indicated. Such decision has remained unchallenged for some seven years. Counsel for appellant, though advised of the imminent danger of the appeal being dismissed under the rule thereof and afforded opportunity to present reasons for overruling it, failed to do so.

It does not seem that what has been said need necessarily cause serious embarrassment to appellant. The way was pointed out in *Maynard v. Greenfield, supra,* for relief in cases of this sort. Attention was called to sec. 3047, Stats. 1898, providing for an appeal in case of an interlocutory judgment, and suggesting that one was proper in such circumstances as exist here. Sec. 2883, Stats. 1898, provides for the entry of such a judgment. The two sections afford appellant a plain and adequate remedy. It was entirely competent for it to have such a judgment entered and then taken an appeal. No reason is perceived why that course cannot yet be taken. Such was the practice in *Damkoehler v. Milwaukee,* 124 Wis. 144, 101 N. W. 706. The practice suggested efficiently prevents all prejudices to litigants that might otherwise arise under the present condition of our appeal statutes, in the administration of sec. 1210b, Stats. 1898.

There is no other course to pursue than to dismiss this appeal, which we do, commending counsel's attention to the provisions of the statutes to which we have referred.

*By the Court.*—The appeal is dismissed.