[No. 6602.  Decided March 26, 1907.]

SEATTLE & NORTHERN RAILWAY COMPANY, *Respondent*, v.
ANNE C. BOWMAN *et al.*, *Appellants*, UNION
WHARF COMPANY, *Defendant*.[1]

APPEAL—DECISIONS REVIEWABLE—AFFECTING SUBSTANTIAL RIGHTS.
Orders sustaining a demurrer to a complaint in intervention and
denying leave to amend the complaint are not appealable as orders
affecting a substantial right which in effect determine the proceed-
ing or discontinue the action (FULLERTON, J., dissenting).

Appeal from orders of the superior court for Skagit
county, Joiner, J., entered May 22, 1906, sustaining a de-
murrer to a complaint in intervention and denying leave to
amend the same.  Dismissed.

*Frank Quinby*, for appellants.

*L. C. Gilman* (*B. O. Graham*, of counsel), for respondent.

Root, J.—This action was originally brought by respond-
ent against the defendant wharf company.  Subsequently the
appellants asked, and were granted, permission to file a com-
plaint in intervention.  To this complaint a demurrer was
interposed and sustained.  Appellants then asked permission
to amend their complaint by adding thereto a new paragraph
which was set out.  This motion was by the court denied.
An order sustaining the demurrer and one denying leave to
amend the complaint in intervention were signed and entered
by the court.  No judgment was ever entered.  From the
orders mentioned, this appeal is taken.

Respondent moves to dismiss the appeal upon the ground
that neither of said orders is appealable.  Appellants, in their
reply brief, admit that the order sustaining the demurrer
was not appealable, but contend that the order denying leave
to amend the complaint in intervention is appealable.  They

[1] Reported in 89 Pac. 399.

base their right to appeal upon subdivisions 6 and 7, Bal.
Code, § 6500, which are as follows:

"6. From any order affecting a substantial right in a
civil action or proceeding, which either, (1) in effect de-
termines the action or proceeding and prevents a final judg-
ment therein; or (2) discontinues the action; . . .

"7. From any final order made after judgment, which
affects a substantial right; . . ."

We think this was not a final order. It did not "prevent
a final judgment" nor necessarily "discontinue the action."
Appellants had intervened. Their complaint had been held
insufficient upon demurrer. They sought by a motion per-
mission to amend. This permission was denied. They had
the privilege of standing upon their original complaint, or
of asking to have it amended in some different manner, or
perhaps could have proceeded in some other way. The order
of the court did not necessarily terminate their rights. This
could have been done only by a judgment of dismissal, or
some order or proceeding equivalent thereto. This and other
courts have repeatedly held such orders to be nonappealable.
In *State ex rel. Small v. Fleming*, 37 Wash. 531, 79 Pac.
1115, this court said:

"The respondents move to dismiss the appeal in this case
upon the ground that the same is taken or sought to be
taken from an order sustaining a demurrer to appellant's
complaint. This court has repeatedly held that such an
order is not appealable. *Potvin v. McCorvey*, 1 Wash. 389,
25 Pac. 330; *Olsen v. Newton*, 3 Wash. 429, 30 Pac. 450;
*Mason County v. Dunbar*, 10 Wash. 163, 38 Pac. 1003;
*Padley v. Gregg*, 26 Wash. 322, 67 Pac. 72. The motion
must be granted, and the appeal is hereby dismissed."

In *Flannigan v. Lindgren*, 122 Wis. 445, 100 N. W. 818,
the supreme court of that state used this language:

"It is entirely plain that the order submitted to us for
review is not within the appealable class. It is not even
claimed to fall within any except the first subdivision of sec-
tion 3069, Rev. St. 1898: 'An order affecting a substantial

right, made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken.' But while it may affect a substantial right, and while the views of the court expressed as a reason for the order may be conclusive of the action, this order does not determine the action, for it still pends; nor does the order prevent a judgment from which an appeal may be taken, for the logical result of the views expressed by the court would be a judgment dismissing the writ, from which, of course, this present appellant could take his appeal and review all questions which could arise upon the present order. *St. Pat. Cong. v. Home Ins. Co.*, 101 Wis. 155, 76 N. W. 1125; *In re M. & N. R. Co.*, 103 Wis. 191, 78 N. W. 753; *Maynard v. Greenfield*, 103 Wis. 670, 79 N. W. 407; *Mills v. Conley*, 110 Wis. 525, 86 N. W. 203; *Benolkin v. Guthrie*, 111 Wis. 554, 87 N. W. 466. Appeal dismissed."

See, also, *Wiesmann v. Shanley*, 124 Wis. 431, 102 N. W. 932; *Havens v. Stewart*, 7 Idaho 298, 62 Pac. 682; *Owen v. McCormick*, 5 Mont. 255, 5 Pac. 280; *Hanley v. Board of Commissioners*, 87 Minn. 209, 91 N. W. 756.

Under the rule and practice heretofore established, we are constrained to dismiss the appeal.

HADLEY, C. J., RUDKIN, DUNBAR, MOUNT, and CROW, JJ., concur.

FULLERTON, J. (dissenting)—The order of the court refusing the intervener leave to amend after sustaining a demurrer to the complaint in intervention determined the action in so far as the intervener was concerned, and is appealable under the express language of the statute. Laws 1901, page 28, sub. 6, (2). It is of no consequence that a formal order of dismissal was not entered. It is the effect of the order that renders it appealable—not the form it takes. When therefore the court made an order that effectually cut off the intervener from any further participation in the case his right of appeal accrued. For these reasons I am constrained to dissent from the order of dismissal.