HORN vs. LUDINGTON, impleaded with others.

PLEADING: *Motion to make complaint more definite and certain.*

1. In an action to enforce an alleged trust in respect to land, by compelling a conveyance thereof to the *cestuis que trust*, or an equitable division among them of the proceeds of a sale thereof, the complaint states that at a specified date, and for a long time before, the defendant L. held the property in trust for plaintiff and others named; but does not state the *facts* which made him a trustee thereof. *Held*, that, on L.'s motion, plaintiff should be required to make the complaint more definite and certain in that respect.

2. The complaint also alleges that plaintiff, after he acquired such interest in the property, and at the request of the owners, and pursuant to an agreement with them at the time he acquired such interest, and as the consideration therefor, rendered services in the protection and management of the property, of the value of more than $5,000, and expended money in that behalf, and for the benefit of the owners, to the amount of about $1,500. *Held*, that this part of the complaint is sufficiently definite and certain, as the court will require plaintiff to give a bill of particulars, or order a reference to take an account, if in the course of the action it should be found necessary to ascertain exactly the extent and value of said services, and the amount of money so expended.

APPEAL from the Circuit Court for *Milwaukee* County.

*David S. Ordway*, for appellant, cited *Burrall v. Bowen*, 21 How. Pr. R., 378; *Adams v. Holley*, 12 id., 330; *White v. Brown*, 14 id., 285; *Thomas v. Desmond*, 12 id., 321; *Holstein v. Rice*, 15 id., 4; *Billings v. Jane*, 11 Barb., 620; *Buffalo v.*

*Holloway*, 7 N. Y., 498; *Morse v. Gilman*, 16 Wis., 508; *Clark v. Langworthy*, 12 id., 446.

*Palmer, Hooker & Pitkin*, for respondent, cited Whittaker's Pr. (3d ed.), 567, and cases there cited; *Bateman v. Johnson*, 10 Wis., 1.

LYON, J. This is an appeal from an order of the circuit court denying a motion that the plaintiff be required to make his complaint more definite and certain in the several particulars specified in the motion.

The complaint alleges that for a long time before, and until the summer of 1870, the defendant *Ludington* held in his name the legal title to certain property therein described, for the benefit of, and in trust for, the plaintiff and the defendants Cross, *Ludington*, Scott and Hobart, who, it is alleged, are the owners and tenants in common thereof in equal shares; that *Ludington*, while he held the title thereto, commenced negotiations with the defendant the Milwaukee and Northern Railway Company, to sell the same to that corporation for twenty thousand dollars; that pending such negotiations he executed a conveyance thereof to the defendant Donaher, pretending to have actually sold the same to him for about five thousand dollars; that the conveyance to Donaher was not made in good faith, but was without consideration, and made by *Ludington* to defraud the other owners of the property, particularly the plaintiff, out of the same, and to prevent them from receiving the proceeds of the sale thereof then being negotiated with said company, and that Donaher knew of the interest of the plaintiff in such property; that *Ludington* continued his negotiations with the railway company, and has consummated an agreement with it, by which the company is to pay him twenty thousand dollars for the property, but which sum has not yet been paid, and he is to deliver to the company a conveyance of the property to be executed by Donaher; that *Ludington* denies that plaintiff is a part owner of said property, pretends that he has no interest

therein, and declares that he will not divide the proceeds thereof with the plaintiff. The complaint further alleges, in general terms, that the plaintiff rendered services, personal and professional, in the protection and management of such property, of the value of upwards of five thousand dollars, and paid, laid out and expended money in that behalf and for the benefit of the owners to the amount of about fifteen hundred dollars, all which he did after he acquired such interest in the property, and at the request of the owners, and pursuant to an agreement with them at the time he acquired such interest, and as the consideration therefor.

The object and purpose of the action is to enforce the execution of the alleged trust by compelling a conveyance of the property to the owners, and, if that cannot be done, to secure an equitable division among them of the proceeds of the sale thereof.

The particulars specified in the motion relate, first, to the allegations of the existence of such trust, and, secondly, to the statement of the services rendered and the money paid by the plaintiff, as the consideration for his interest in such property.

The Revised Statutes, chap. 125, sec. 2, subdivision 2, provide that the complaint shall contain "a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition." Here the cause of action is the alleged trust, the same as in a money demand on contract the debt is the cause of action. If there be no debt, there can be no recovery ; and in this action, if there is no trust, the plaintiff cannot recover. The cause of action, to wit, the trust, is stated in the complaint, but the facts constituting such cause of action, to wit, the facts which make *Ludington* a trustee of the plaintiff and others in respect to the property in controversy, are not therein stated. We think, therefore, that the plaintiff should have been required to make his complaint more definite and certain in this particular, by stating therein facts which will show that *Ludington* holds the title to the property as such trustee.

As to the statement of the services rendered and money ex-pended by the plaintiff in the protection and management of the property, if, in the progress of the action, it should be-come material to ascertain the extent and value of such ser-vices, and the amount of money so paid, and the purposes to which it was applied, the court may require the plaintiff to fur-nish a bill of items of the same, and may, and doubtless would, order a reference for the purpose of having the account thereof stated. The appellant will thus be furnished with the specific information which he desires, if it becomes material that he should have such information. We think the complaint suffi-ciently definite and certain in the latter particular.

*By the Court.*—The order appealed from is reversed, and the cause remanded with directions to the circuit court to grant the motion. requiring the complaint to be made more definite and certain to the extent indicated in this opinion.