Miller vs. Bayer and others.

MILLER, Appellant, vs. BAYER and others, Respondents.

*September 23 — October 13, 1896.*

*Pleading: Construction: Immaterial allegations: Abortion: Justification: Consent as defense.*

| | | | |
|---|---|---|---|
| 94 | 123 | | |
| 94 | 75 | | |
| 94 | 123 | | |
| 97 | 234 | | |
| 94 | 123 | | |
| 98 | 499 | | |
| 94 | 123 | | |
| 101 | 20 | | |
| 94 | 123 | | |
| 103 | 133 | | |
| 103 | 442 | | |
| 94 | 123 | | |
| 106 | 91 | | |
| 94 | 123 | | |
| 108 | 427 | | |
| 108 | 581 | | |
| 94 | 123 | | |
| 109 | 597 | | |
| 94 | | 123 | |
| 111 | | [2]560 | |
| 94 | | 123 | |
| 117 | | [2]250 | |

1. In determining whether a complaint states a cause of action, the question is not whether the plaintiff used the most appropriate language in stating his case, but whether the language used will permit of a construction which will sustain the pleading, and to that end such effect should be given to its allegations as will support it, so far as this can be done without adding constructively material words or giving the language used a meaning that cannot reasonably be attributed to it.

2. Where the general scope and purpose of a complaint is apparent and the language used will admit of a construction consistent therewith, such construction should be adopted, notwithstanding historical allegations, which, when viewed apart from such evident purpose, might be held to state a cause of action inconsistent therewith.

3. In an action for damages for producing an abortion the justifiableness of the act under sec. 4352, R. S., is a matter of defense, and hence need not be negatived in the complaint.

4. A complaint, in such a case, charging that an unlawful combination was entered into among the defendants to do the act complained of, to prevent scandal and to save the reputation of one of them, and that what was thereafter done was pursuant to such unlawful combination, sufficiently negatives the justifiableness of the abortion under sec. 4352, R. S.

5. Consent by one person to the performance of an unlawful act upon him by another does not constitute a defense to an action to recover the damages which he thereby sustained.

APPEAL from orders of the circuit court for La Crosse county: O. B. WYMAN, Circuit Judge. *Reversed.*

The plaintiff charges in her complaint that in July, 1894, at the residence of defendants *Christian* and *Philipine Bayer*, she was assaulted and raped and ravished, by force and against her will, by defendant *Herman Bayer*, a son of said *Christian* and *Philipine-Bayer;* that thereafter, on sev-

eral occasions, she was abused in like manner by said *Herman Bayer;* that by reason thereof she became, in the month of October, 1894, pregnant; that defendant *Herman Bayer* knew of her condition on November 14, 1894; that defendants *Christian Bayer* and *Philipine Bayer* knew of such condition in December, 1894; that with full knowledge of such condition on the part of said *Philipine Bayer* and *Christian Bayer*, they and their said son, for the purpose of preventing scandal and saving the reputation of said *Herman Bayer*, entered into collusion with defendant *Kennett* to cause a criminal operation to be performed upon the body of plaintiff and to have the said *Kennett* perform an abortion upon her body; that, pursuant to said conspiracy, plaintiff was removed to the house of one William Kruger, in the city of La Crosse, on the 28th day of January, 1895, and on the 29th day of January, 1895, in said city, said criminal operation was performed by the said *Kennett.*    In addition the complaint contains allegations respecting the injury caused to plaintiff by reason of the acts performed as aforesaid, and allegations of aggravating circumstances, and concludes with a prayer for judgment against all the defendants for the sum of $10,190, besides costs and disbursements.

Defendant *Kennett* demurred to the complaint upon the ground: First, that several causes of action are improperly united; second, that the complaint does not state facts sufficient to constitute a cause of action.    The other defendants joined in a demurrer upon the same grounds.    Both demurrers were sustained, and plaintiff appealed.

*John A. Daniels* and *E. H. Smalley*, for the appellant. To the point that the consent of the plaintiff to the abortion was no defense they cited Wharton, Crim. Law (9th ed.), § 593; Bishop, Stat. Crimes, § 744; *People v. Vedder*, 98 N. Y. 630; *Comm. v. Wood*, 11 Gray, 86; *White v. Murtland*, 71 Ill. 268; *Shay v. Thompson*, 59 Wis. 540; *Evans v.*

*Waite,* 83 id. 286; *Barholt v. Wright,* 45 Ohio St. 177; Cooley, Torts, 163; *Adams v. Waggoner,* 33 Ind. 531, 5 Am. Rep. 230; *Bell v. Hansley,* 3 Jones, Law, 131; *Logan v. Austin,* 1 Stewart, 476; *Dole v. Erskine,* 35 N. H. 503; *Mc-Cue v. Klein,* 60 Tex. 168, 48 Am. Rep. 260; *State v. Glass,* 5 Oreg. 73; *Comm. v. Snow,* 116 Mass. 47.

*C. L. Hood,* for the respondents *Bayer.*

For the respondent *Kennett* there was a brief by *Bleek-man, Bloomingdale & Bergh,* and oral argument by *F. H. Bloomingdale.*

MARSHALL, J.  We first consider whether the complaint states a cause of action against all the defendants.  Obviously, if it states such cause of action, it is for entering into an unlawful combination to injure the plaintiff by unlawfully producing the abortion charged, and the carrying out of the conspiracy.  It is strongly urged on the part of the defendants that an unlawful combination or conspiracy is not charged, and in support of such contention the learned counsel for the defendants are extremely critical respecting plaintiff's use of the word "collusion."  The complaint charges that defendants entered into collusion to do the unlawful and wrongful acts which resulted in her injury. Counsel indulges in rather a hypercritical course of reasoning, we must say, to show that the word "collusion," taken in connection with the context, does not charge the entering into of an unlawful combination.  Collusion is synonymous with conspiracy.  It is an agreement for a wrongful purpose; a secret agreement by two or more persons to obtain an unlawful object.  Standard Dict.  It is an agreement to obtain an object forbidden by law.  Bouv. Law Dict. 292.  It is a secret agreement and co-operation for a fraudulent purpose. Webst. Dict.  We are not called upon to determine whether the plaintiff used the most appropriate language in stating her case, but whether the language used will permit of a con-

struction which will sustain the pleading. The rule that once prevailed, that a pleading should be construed most strongly against the pleader, has been long since abrogated by statute. Sec. 2668, R. S., provides that: "In the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed with a view to substantial justice between the parties." "Every reasonable intendment and presumption is to be made in favor of the pleading." *Morse v. Gilman*, 16 Wis. 504. "If the essential facts can be gathered from the pleading, or may be reasonably inferred from the allegations, it is good, though such allegations be in form uncertain, incomplete, and defective." *Flanders v. McVickar*, 7 Wis. 372; *Horn v. Ludington*, 28 Wis. 81; *Merrill v. Merrill*, 53 Wis. 522. Applying the foregoing rules, the word "collusion," as used in the complaint, most clearly charges defendants with entering into an unlawful combination to injure the plaintiff by performing upon her an abortion. It charges that they agreed together to have defendant *Kennett* perform upon the body of the plaintiff a criminal operation and an abortion; that, by reason thereof, such criminal operation was performed by said *Kennett;* that plaintiff was then quick with child, which was well known to all the parties before the performing of said abortion, as aforesaid. Evidently the pleader used the words "perform a criminal operation" and "perform an abortion" synonymously. In construing pleadings by the liberal rules heretofore referred to, we are not confined to the word "abortion" where the complaint charges an agreement to perform an abortion, as the antecedent of that portion of the clause charging that the parties knew of plaintiff's condition "at the time of the performing of said abortion." Sense requires that the reference should be to an act theretofore charged as having been actually performed; that is, the criminal operation. To so construe the pleading is allowable and, looking at the context, such

was the clear intent of the pleader. Van Sant. Pl. 773. All criticisms of a pleading must give way to such effect being given to its allegations as will support it, to the end that substantial justice may be obtained, so far as this can be done, without constructively adding material allegations or words to the pleading, or giving to its language a meaning that cannot be reasonably attributed thereto.

It is argued that to cause an abortion is not necessarily criminal; hence that no cause of action is stated, because the exception contained in R. S. sec. 4352, is not negatived. If the act was justifiable, clearly, in an action for damages, the facts in that regard are a matter of defense; hence not necessary to be alleged in the complaint. Moreover, the complaint sufficiently negatives justification on the ground of the necessity of saving life, under sec. 4352, R. S., in that it expressly charges that the unlawful combination was entered into to do the act complained of, to prevent scandal and to save the reputation of *Herman Bayer*, and that what was thereafter done was pursuant to such unlawful combination.

It is further contended that plaintiff cannot recover, because she submitted to the operation performed upon her. Such is not the law. Consent by one person to allow another to perform an unlawful act upon such person does not constitute a defense to an action to recover the actual damages which such person thereby received. 2 Greenl. Ev. § 85; *Shay v. Thompson*, 59 Wis. 540; *Fitzgerald v. Cavin*, 110 Mass. 153; *Adams v. Waggoner*, 33 Ind. 531; *Comm. v. Collberg*, 119 Mass. 350.

The foregoing covers all the questions presented in regard to whether the complaint states a cause of action against all the defendants. We must resolve such question in favor of the pleading, and hold that both general demurrers were improperly sustained.

It is further contended that, if an action is stated against

all the defendants jointly, a separate and additional cause of action is stated against *Herman Bayer* for damages for unlawfully assaulting the plaintiff; hence, that two causes of action are improperly united in the complaint.

The complaint charges the pregnancy of plaintiff, and that it was the result of an unlawful assault and rape committed upon her by *Herman Bayer*. Then follows the charge that all the defendants entered into an unlawful conspiracy to produce the abortion; then allegations showing that the object of the conspiracy was accomplished; then allegations respecting the resulting damages; then the prayer for judgment. It is because of the acts charged as having been committed by defendant *Herman Bayer* before the formation of the conspiracy that it is claimed a separate cause of action is stated as to him. It is quite likely that the circumstances preceding the formation of the conspiracy are set forth with unnecessary particularity, but that does not constitute a fatal defect in the complaint to be reached by demurrer. When the general scope and purpose of a complaint is apparent, and the language used will admit of a construction consistent therewith, such construction should be adopted, notwithstanding allegations introduced by way of giving a history of the case, which, when viewed apart from such evident purpose, might be held to state a cause of action inconsistent therewith. Such is the effect of the reasoning in *Merrill v. Merrill, supra,* and is a proper rule to be followed in the construction of pleadings. The allegations charging the assault were evidently introduced by the pleader by way of showing a history of the transactions leading up to the unlawful combination to injure the plaintiff and its consummation, which form the groundwork of her cause of action against all the defendants; if properly so introduced, or as matter of inducement, commonly so called, they constitute no part of the cause of action. 2 Wait, Prac. 417. If not properly so introduced, they may be re-

garded as mere surplusage. Hence we hold that the complaint does not state a cause of action against *Herman Bayer* separate from that stated against all the defendants; therefore, that it states but one cause of action, and that against all the defendants; and that the demurrer upon the ground that the several causes of action are improperly united is not well taken.

*By the Court.*— The orders of the circuit court sustaining the demurrers are reversed, and the cause of action remanded for further proceedings according to law.