DUNLAP, Respondent, v. CHICAGO, M. & ST. P. RY. COMPANY, Appellant.

(144 N. W. 226.)

1.   **Action—Single Cause of Action—Tort and Contract—Misjoinder.**
    A complaint alleging that plaintiff requested a car in which to ship turkeys from two points, N. and P., that defendant placed a suitable car on track at N., into which plaintiff loaded turkeys collected there; but that it failed to place that car, or furnish any car for shipment from P., where plaintiff had collected other turkeys for such shipment, and failed to transport the turkeys loaded at N. for some days, to plaintiff's damage, states but one cause of action, and that based upon

contract; it does not state one cause of action for damages suffered at P., founded on tort, and another for damages suffered at N., based on contract; and is not bad for misjoinder in mentioning two shipments.

2.   Carriers—Contract of Carriage—Statute.

Where plaintiff requested a car in which to ship turkeys, and a railroad company placed a suitable car on the track, a contract of carriage was created, into which there became incorporated all provisions of Laws 1911, Ch. 207, Sec. 4, requiring common carriers to receive and transport freight with reasonable dispatch, and to provide and keep suitable facilities for receiving and handling same at any of its depots.

3.   Constitutional Law—Statutes—Validity—Title, Scope of.

The title of Laws 1911, Ch. 207, "An act to regulate common carriers, and to define the powers and duties of the board of railroad commissioners in relation thereto, and imposing penalties for the violation of the provisions" thereof, is broad enough to embrace the provisions of Sec. 12, imposing a penalty for a carrier's refusal to pay damages for violation of the act within 30 days after written demand.

4.   Carriers—Carriage of Goods—Delay—Action for Actual Damages.

Laws 1911, Ch. 207, Sec. 4, makes it the duty of common carriers to receive and transport freight with reasonable dispatch, while Sec. 12 makes them liable for damages sustained by violation of its provisions at large, if recovered without suit, or, if by suit, they are liable for not more than double damages, but requiring demand in writing for damages sustained "under this section." Held, that an action lies for actual damages arising from violation of Sec. 4, independently of a right under Sec. 12.

5.   Pleadings—Action Against Carrier—Complaint—Actual Damages—Demurrer.

In an action against a railroad company for violation of Laws 1911, Ch. 207, a complaint is good as against demurrer if it states a cause of action for actual damages, under Sec. 4, even though insufficient to state a cause of action for double damages under Sec. 12.

6.   Pleadings—Action for Penalties—Carriers—Double Damage Act.

In an action for the penalty of double damages, provided for in Laws 1911, Ch. 207, Sec. 12, the complaint must set forth clearly and specifically the grounds upon which the penalty is sought.

7.   Same—Action Against Carrier—Double Damages—Sufficiency.

In an action for the penalty provided by Laws 1911, Ch. 207, Sec. 12, providing for double damages for its violation, but that no suit should be maintained until 30 days after written demand, a complaint alleging a violation of the act and plain-

tiff's damage, and that, after sustaining damage and more than 30 days before suit plaintiff made such demand, but that defendant failed and refused to pay, and praying award of double damages, is sufficient.    SMITH and McCOY, JJ., dissenting.

8.    **Complaint—Carriers—Mode of Pleading—Statute.**

In a suit against a railroad company for damages for violation of Laws 1911, Ch. 297, Sec. 4, which imposes no penalty for its violation, the rule requiring a pleading in an action for a statutory penalty to set forth clearly and specifically the grounds upon which it is sought, does not apply.

9.    **Complaint—Action Against Carrier—"Reasonable Dispatch."**

A complaint alleged that defendant requested a car in which to ship turkeys from two points, N. and P., and that defendant placed a suitable car on the track at N. on or about November 17th, into which plaintiff loaded turkeys collected there, that, relying upon using the car, he collected turkeys at P. ready for shipment next day, but that defendant negligently refused and failed to have that car or any car at P. next day, or at any time, and wrongfully and negligently failed and refused to transport the turkeys loaded until on or about November 23rd, to plaintiff's damage.    **Held**, that, in view of Code Civ. Proc., Sec. 136, requiring pleadings to be liberally construed, the complaint sufficiently stated, as against a demurrer, a cause of action for violation of Laws 1911, Ch. 207, Sec. 4, requiring common carriers to furnish suitable cars to all applicants therefor, and to receive and transport freight "with reasonable dispatch," since the complaint showed, by fair implication and clear import, the furnishing of a car and carrier's failure to transport the shipment with reasonable dispatch.

10.    **Complaint Good For Any Purpose—Demurrer.**

Against general demurrer, a complaint stating a cause of action for any purpose, is sufficient.

SMITH, J., and McCOY, J., concurring specially.

(Opinion filed December 5, 1913.)

Appeal from Circuit Court, Clay County.    Hon. ROBERT B. TRIPP, Judge.

Action by John R. Dunlap against the Chicago, Milwaukee & St. Paul Railway Company, for damages for failure to transport freight with reasonable dispatch.    From an order overruling a demurrer to the complaint, defendant appeals.    Affirmed.

*Porter & Grantham*, for Appellants.

Two causes of action are improperly united.    Sec. 144, Code Civ. Proc.; Meloche v. Chicago, M. & St. P. Ry. Co., (Mich.)

74 N. W. 301; London & L. Fire Ins. Co. v. Rome, W. & O. R. Co., (N. Y.) 39 N. E. 79; Pomeroy on Remedial Rights, Secs. 453-477.

As to the lot of turkeys at Pierpont, the allegations of the complaint are that the defendant failed and refused to furnish any car upon the request of the plaintiff. This action, under such allegations, sounds in tort. Sec. 1693, and Sec. 1694, Elliott on Railroads, and cases there cited.

The complaint fails to state a cause of action. It fails to charge the defendant as a carrier, within the requirements of any statute, either providing a statutory penalty, creating a civil liability, or providing a statutory remedy, or imposing double damages or attorney's fees with costs. Sec. 119, Code Civ. Proc.

In Reply.

The complaint does not state facts sufficient to constitute a cause of action under chapter 207, Laws 1911.

Applying the test given in the quoted portion of the decision of this court in case of Kirby v. W. U. Tel. Co., 4 S. D. 463.

Chapter 207, Laws 1911, is unconstitutional. Art. 3, Sec. 21, Const.

Complaint attempts to allege a cause of action ex delicto as well as ex contractu.

Notwithstanding respondent's contention that the action is in tort, and was drawn under the provisions of sections 4 and 12 of chapter 207 of Laws of 1911, a fair construction of the allegations of the complaint warrant our contention that with reference to the turkeys at Newark, the action is upon contract, implied from the conduct of the parties alleged in the complaint.

If the default was a failure to perform a condition of the contract, the action is on contract.

As to the shipment at Pierpont, we are agreed that the refusal to furnish car, or failure to furnish car, if alleged to have been after reasonable notice, would state a cause of action in tort.

Complaint fails to state facts sufficient to constitute any cause of action. The complaint does not state facts sufficient to constitute a cause of action upon either statute, because of its failure to allege that the delay from November 18th to 23d was, under the circumstances, unreasonable.

*Thomas Sterling,* and *Payne & Olson,* for Respondent.

There is but one cause of action alleged, and such cause of action is not in contract, but in tort.

The request made of defendant, was for a car in which to ship both lots of turkeys. It is the refusal and failure of defendant to furnish this car and transport the turkeys, under the circumstances alleged, that caused damages both to the turkeys at Newark, and to the turkeys at Pierpont. Doty v. Strong, 1 Pinney (Wis.) 313, 40 Am. Dec. 773; 23 Cyc. 446; King v. C., M. & St. Paul Ry. Co. (Minn.) 82 N. W. 1113, 81 Am. St. Rep. 238, 50 L. R. A. 161; Hempstead v. Des Moines, 63 Iowa, 36, 18 N. W. 676.

A contract may be set out from which a cause of action in tort arises. 23 Cyc. 387-8; Indiana Natural Gas Co. v. Anthony, 26 Ind. App. 307, 58 N. E. 868; Coy v. Gas Co., 46 N. E. 17, 36 L. R. A. 535; Fordyce v. Nix, 23 S. W. 967.

There is a plain and concise statement of plaintiff's cause of action, in tort. Section 119, Code of Civil procedure.

The complaint is drawn and double damages are claimed under Chap. 207, Laws 1911, sections 4 and 12, and all facts are stated which are necessary to bring the case within the provisions of the statute.

It is not necessary, under the rule of pleading in force in South Dakota, to refer to the statute when counting on a penalty provided by the statute. Kirby v. Western Union Telegraph Co., 4 S. D. 463, 57 N. W. 202; Bekker v. White River Valley Ry. Co., (S. D.) 132 N. W. 797; State v. Owsley, 17 Mont. 94, 42 Pac. 105.

WHITING, P. J. Appeal from an order overruling demurrer to plaintiff's complaint. Complaint alleges that on November 15, 1911, plaintiff requested a car in which to ship a carload of turkeys from Newark and Pierpont, S. D., to Chicago, Ill.; that, in response to such request, defendant company placed a suitable car on the track at Newark to be used for said purpose, and thereupon—on or about November 17—plaintiff loaded into said car about 1,000 turkeys, cooped for shipment; that plaintiff, relying upon using said car, collected about 300 turkeys at Pierpont ready for loading and shipment on said car, on or about November 18, 1911; that defendant wrongfully and negligently refused and ne-

glected to have said car, or any car, at Pierpont on November 18, 1911, or at any time, for shipment of said 300 turkeys; that defendant wrongfully and negligently failed and refused to transport the turkeys loaded at Newark until or or about November 23, 1911; that plaintiff was damaged in the sum of $1,727.43; that, after sustaining such damages and more than 30 days before the bringing of this action, plaintiff made demand in writing on defendant for payment of such damages; that defendant has failed and refused to pay same; and that plaintiff be awarded double damages.

The demurrer to the complaint set forth five grounds, which, taken together, present but two questions: (1) If the complaint alleges any cause of action, whether it does not set forth two causes of action improperly joined—one in contract, the other in tort; (2) whether the facts alleged in the complaint constitute a cause of action. It is respondent's contention that this complaint is drawn under the provisions of sections 4 and 12, c. 207, Laws 1911. The act provides:

"Sec. 4. Company to Furnish Cars, Etc. It shall be the duty of any common carrier, when within their power to do so, and upon reasonable notice, to furnish suitable cars to any and all persons who may apply therefor, for the transportation of any and all kinds of freight, and to receive and transport such freight with reasonable dispatch, and to provide and keep suitable facilities for the receiving and handling the same at any depot on the line of its road; and also to receive and transport in like manner the empty or loaded cars furnished by any connecting carrier to be delivered to any station or stations on the line of its road to be loaded or discharged, or reloaded and returned to the road so connecting, and for compensation it shall not demand or receive any greater sum than is accepted by it from any other connecting carrier for a similar service; and said common carrier shall not discriminate in the furnishing of cars in favor of any corporation, firm, or individual."

"Sec. 12. Damages.—Attorney's Fees. In case any common carrier subject to the provisions of this article shall do, cause to be, done, or permit to be done any act, matter, or thing in this article prohibited or declared to be unlawful, or shall omit to do any act, matter, or thing in this article required to be done, such common

carrier shall be liable to the person or persons injured thereby for the amount of damages sustained in consequence of any such violation of the provisions of this article if recovered without suit; or if recovered by suit, such common carrier shall be liable to the person or persons injured thereby for not to exceed twice the amount of damages sustained in consequence of any such violation complained of, together with costs of suit and a reasonable counsel or attorney's fees to be fixed by the court in which the same is heard on appeal or otherwise, which shall be taxed and collected as part of the costs in the case; provided, that in all cases demand in writing on said common carrier shall be made for the money damages sustained before suit is brought for recovery under this section, and no suit shall be brought until the expiration of thirty days after such demand."

[1-2] Appellant contends that the complaint, if it sets out any cause of action whatsoever, sets out, in relation to the damages alleged to have been suffered at Newark, a cause of action based upon contract, and, in relation to the damages alleged to have been suffered at Pierpont, a cause of action founded in tort—it being appellant's contention that, while the allegations of the complaint "inferentially" set forth the elements of a contract as to the one shipment, they fail to even "inferentially" set forth the necessary elements of a contract as to the shipment from the other point; and appellant contends that there is, therefore, a misjoinder of a cause of action based upon tort with one based upon contract. We think that the complaint sets forth but one cause of action, and that based upon contract. The request made by plaintiff was for a car to ship turkeys, not from Newark alone, but from both Newark and Pierpont. "In response to such request," defendant placed a car upon the track at Newark "to be used for said purpose"—what purpose?—the purpose for which the request was made. This is certainly an allegation of an offer and acceptance, as, against a demurrer, the allegation of the placing of a car in response to plaintiff's request will be deemed as an agreement upon the part of defendant to comply in full with such request. Into such contract thus alleged, there became incorporated all the provisions of section 4, supra, relating to the duties of the defendant railroad, and defendant became fully bounden thereby to the same extent as though such provisions had been included

within the express terms of a contract. The complaint therefore, if it is sufficient to allege a cause of action at all, sets forth but one cause of action, and that based upon contract.

Appellant insists that such complaint fails to state any cause of action, it contending that: This is an action apparently brought to recover the penalty provided by section 12, supra, the law of which such section is a part is, so far as such section is concerned, unconstitutional; even if it could be held that such law is constitutional, yet, the allegations of such complaint are not sufficient to entitle \plaintiff to recover statutory penalty; and, if the complaint "be held to state facts sufficient to show that plainiff has some cause of action, (it) is demurrable for that it fails to * * * contain a plain and concise statement of the facts constituting a cause of action," as required by section 119 of the Code of Civil Procedure. Appellant bases this last contention upon a claimed indefiniteness in such complaint whereby it is rendered uncertain whether plaintiff's action is one sounding in tort or one based upon a contract. Having held that the complaint alleges but one cause of action and that one based upon contract, this contention needs no further attention at our hands.

[3] Is section 12 of chapter 207, Laws 1911, unconstitutional? There is no claim that the subject-matter of such section is prohibited by the Constitution. The sole claim is that the title of such act did not permit of the enactment of a provision giving a right of action—the right to recover double damages—when such right of action is not placed "within the control of the board of railroad commissioners." The title of the act reads: "An act to regulate common carriers and to define the powers and duties of the board of railroad commissioners of the state of South Dakota in relation thereto, and imposing penalties for the violation of the provisions of this act." There is nothing in the title of such act that would prevent the act from containing regulations in no manner under the power, control, or supervision of the railroad commissioners—nothing to prevent the enactment of a provision providing for a penalty, the fear of which might be an incentive to the prompt performance, by the common carrier, of a duty resting upon it. As stated by this court in State v. McPherson, 139 N. W. 368: "The title of an act fairly expressing the general subject covers provisions thereof for all proper means

and instrumentalities which may or will facilitate the accomplishment or enforcement of the purpose expressed."

[4] Are the allegations of the complaint sufficient to entitle plaintiff to recover the statutory penalty? It has been urged that if one seeks to recover by suit for any breach of the provisions of section 4, he must show compliance with the provisions of section 12 as to written notice and nonpayment, and must demand the penalty provided by such section, that no action can be brought disregarding the provisions of section 12; and that, inasmuch as any action brought must be one asking for the recovery of a penalty, the pleading must be full and explicit, setting forth clearly the several statutory provisions of section 4, alleged to have been violated as well as the conditions precedent to suit provided for in section 12. Appellant cites as authority for the proposition that, in a complaint seeking to recover a statutory penalty, the allegations must specifically and directly set forth the breach of those statutory provisions, noncompliance with which gives rise to the cause of action, the holding of this court in the case of Kirby v. W. U. Tel. Co., 4 S. D. 463, 57 N. W. 202. But first, is it true that no action, seeking the recovery of actual damages only, could be brought for a violation of the provisions of section 4? We think not. If section 12 were not in the act at all, a party injured through any failure of the common carrier to comply with the provisions of section 4 could sue for and recover the actual damages flowing from such injury. If there was any provision in this act—either in section 12 or any other part thereof—specifically, or by necessary implication, providing that no suit could be brought except under section 12, the effect would be different; but, instead of such a provision, we find one in section 12 which shows clearly the intent that actions could be brought without seeking the penalty provided by said section 12. The conditions precedent to the bringing of a suit, as set forth in section 12 by the express wording of such section, are required only "before suit is brought for a recovery *under this section*," clearly implying that there can be suits brought *under the act* but not *under that section*.

[5-7] The question of whether there are sufficient allegations to entitle plaintiff to recover the penalty or double damage is, therefore, not necessarily before us at this time because, even if the

pleading is entirely insufficient to entitle the plaintiff to a recovery of double damages, yet, if the pleading is sufficient to entitle him to a recovery of actual damage, the complaint is good as against the demurrer. We would, however, note that the rule, requiring a pleading to set forth clearly and specifically the grounds upon which the statutory penalty is sought, does apply to the provisions of section 12, and the decision in the Kirby Case is directly applicable thereto; but a reading of section 12 reveals the fact that in this case, exactly as in the case of Bekker v. Railway Co., 28 S. D. 84, 132 N. W. 797, the statute imposes the penalty, not for any damage resulting from the wrongful act or omission of the company in the conduct of its business, as is provided by the act before the court in the Kirby Case, but solely and exclusively for a failure upon the part of the common carrier to pay the damage within a certain length of time after demand made therefor. The pleading before us is very explicit and full in its allegations as to those matters provided for by section 12.

[8-9] Is the complaint sufficient upon which to recover damages resulting from defendant's failure to comply with section 4? It seems clear that the two phrases, "when within their power to do so" and "upon reasonable notice," as contained in section 4, relate to and grammatically modify the word "furnish" and no other word. Defendant having furnished the car, no question of notice or of the power of defendant is involved so far as the first station is concerned; and it did not devolve upon the plaintiff, even if we should follow the rule of pleading requiring the specific allegation as to each matter covered by the statute, to allege that it was within the power of the company to receive and transport such freight with reasonable dispatch. Under such section, after having received notice to furnish the car and having furnished the car, nothing but some unforeseen event can relieve the railroad company from receiving and transporting the goods. Was it necessary for plaintiff to allege specifically and directly that defendant failed to transport such turkeys "with reasonable dispatch"? This question presents to us the proposition as to whether or not, in pleading the breach of a provision of a statute, for the breach of which no penalty is provided, it is necessary to plead directly and specifically, in the words of the statute or in equivalent words, the breach of such statutory provision. If

section 4 provided a penalty for the breach thereof, the holding in
the Kirby Case would be directly applicable to that part of the
pleading pertaining to a breach of the provisions of said section 4,
and it would be necessary, in an action brought to recover such
penalty, for the complaint to contain a specific allegation that the
carload of turkeys was not shipped with reasonable dispatch; but,
section 4 providing no penalty, and none being provided else-
where for the breach of any provision of section 4, the rule laid
down in the Kirby Case can have, for the reasons hereinbefore
stated, absolutely no application to such section.  Section 136, C.
C. P., provides that, "in the construction of a pleading for the
purpose of determining its effect, its allegations shall be liberally
construed, with a view of substantial justice between the parties."
Under this statute, which is common to most, if not all, code
states, a pleading is "usually construed, even on demurrer, to al-
lege all the facts that can be implied by fair and reasanable in-
tendment from the facts expressly stated."  31 Cyc. 79; Roberts
v. Samson, 50 Neb. 745, 70 N. W. 384; Miller v. Bayer, 94 Wis.
123, 68 N. W. 869; Chambers v. Hoover, 3 Wash. T. 107, 13
Pac. 466; Malloy v. Benway, 34 Wash. 315, 75 Pac. 869; Olery v.
Brown, 51 How. Prac. (N. Y.) 92; Phillips on Code Pleading,
§ 352.  In Miller v. Bayer, supra, the court approved the follow-
ing rule which had been announced in the earlier decisions of that
court: "If the essential facts can be gathered from the pleading,
or may be reasonably inferred from the allegations, it is good,
though such allegations be in form uncertain, incomplete, and de-
fective."  In Chambers v. Hoover, supra, the court said: "The
averments of this pleading are vague and indefinite, and it is de-
fective in other respects; yet, when bolstered by the rule of liberal
construction commanded by the Code, we think we discern a
cause of action.  A suitor is no longer to be turned out of court
if, by making all reasonable intendments in his favor, enough can
be seized hold of in his pleadings to show that he has rights
which ought to be enforced.  He may be required, on motion, to
conform his statement to the rules of good pleading, and, if he
refuse, may be turned out of court; but, as against a demurrer, the
office of which is to raise a substantial issue on the law of the
case, and not on the law of practice and pleading, evidentiary facts,

and even inferences from averments amounting to mere conclusions of law, will be considered in his favor."

Did the pleadings before us, by fair implication, allege that the defendant failed to ship said turkeys with reasonable dispatch? Do the facts pleaded clearly show an unreasonable delay? It appears that, for some five or six days after they were loaded into the car, the defendant neglected and refused to ship said turkeys, and plaintiff alleges that such neglect and refusal were negligent and wrongful. The complaint certainly reveals an unreasonable delay, and, while it surely would have been better pleading for plaintiff to have alleged, in the words of the statute, a failure to transport such turkeys *with reasonable dispatch,* yet the clear import of the allegations—the inference to be drawn therefrom—is a charge that defendant was guilty of unreasonable delay in such shipment, and the pleading, as against the demurrer, was rightfully held good.

[10] Inasmuch as the complaint sets forth facts entitling plaintiff to recover damages suffered at the first station, it is good as against this general demurrer, and it becomes unnecessary for us to consider the sufficiency of the allegations upon which plaintiff bases a claim for damages suffered at Pierpont.

The order appealed from is affirmed.

SMITH, J. (Concurring specially). I concur in that part of the majority opinion which says: "We think that the complaint sets forth but one cause of action and that based upon contract," but I find it difficult to accept the further statement that "into such contract thus alleged, there became incorporated all the provisions of section 4 supra, relating to the duties of the defendant railroad, and defendant became fully bounden thereby to the same extent as though such provisions had been included within the express terms of a contract." Chapter 207, Laws of 1911, of which section 4 forms a part, is entitled "An Act to regulate common carriers and to define the powers and duties of the board of railroad commissioners of the state of South Dakota in relation thereto, and imposing penalties for the violation of the provisions of this act." Section 4 creates a duty on the part of the common carrier to receive and transport such freight "with reasonable dispatch." I quote only this portion of the section, among those creating duties on the part of carriers toward ship-

pers and the public, for the reason that it is the provision pertinent to the particular matter to which I desire to direct attention.

The duties of common carriers are also defined by section 1578, Civil Code, which declares: "A common carrier must, if able to do so, accept and carry whatever is offered to him, at a reasonable time and place, of a kind that he undertakes or is accustomed to carry." Section 1597, Civil Code says: "A common carrier is liable for delay only when it is caused by his want of ordinary care and diligence."

Here then we have two provisions of law, sections 4 and 12 of the act of 1911, and sections 1578 and 1597 of the Civil Code, both of which purport to define the duties and liabilities of common carriers. Which of these provisions is it that is "included within" the express terms of the special contract? The majority opinion says it is section 4 of the act of 1911, but I can see no particular reason for the conclusion. If either of these statutes became part of the special contract, I confess my inability to determine which of the two it is. It occurs to me that a conclusion resting upon a process of reasoning erected upon a foundation so uncertain is not wholly reliable. It seems necessary, however, that the majority opinion should hold and assume that section 4 became incorporated into the contract, in order to reach the conclusion that a recovery of the statutory penalty may be had under section 12. I am of opinion that the complaint, while sufficient upon demurrer to sustain a recovery for breach of the special contract alleged, does not state a cause of action under section 4. If it be conceded that some statutory liability enters into and becomes a part of this contract, I think, under the allegations of the complaint, it could only be that defined by section 1597 of the Civil Code, which says: "A common carrier is liable for delay only when it is caused by his want of ordinary care and diligence." The complaint is apparently framed and intended to cover this statute. The majority opinion says: "The clear import of the allegations—the inference to be drawn therefrom—is a charge that the defendant was guilty of unreasonable delay in such shipment." * * * I cannot draw any such inference from the statements in the complaint. The allegation of the complaint is that defendant "wrongfully and negligently failed and refused to

transport said turkeys so loaded at Newark, S. D. * * * until on or about Nov. 23, 1911." The complaint further alleges, as a statement of fact upon which the ultimate fact of negligence rests, that the car was placed on the track "on or about" November 17, and that "thereupon" plaintiff loaded the car. What day was the the car loaded? The further allegation of fact is that the defendant failed and refused to transport until "on or about" November 23d. "On or about" November 17th, would sustain proof that the car was placed on the track at any time between November 17th and November 23d. The allegation that the defendant failed to transport said freight until "on or about" November 23d would be sustained by proof that the car was actually moved before the 23d. It is upon these wholly equivocal and uncertain allegations that the majority opinion founds its conclusion that the complaint alleges that the defendant did not use ordinary care and diligence, or that it did not transport such freight "with reasonable dispatch." It seems o me that such conclusion does violence to all the known rules of pleading. The Code requires a plain and concise statement of the facts, and if any conclusion is to be drawn from the dates, it seems to me entirely clear that such dates must be specific and certain. The construction given these allegations, in my judgment, extends an extreme indulgence to the pleader, and is not warranted by those provisions of the Code, which require at least a statement of facts from which an ultimate conclusion of negligence may be drawn.

As shown by these allegations, the period of time during which the defendant failed to transport the freight, is wholly indefinite and uncertain and such allegations are insufficient from which to draw the conclusion of negligence, as is done by the majority opinion. Under section 1597 of the Civil Code, a recovery may be had for delay arising from "want of ordinary care and diligence." The gist of such an action is negligence, the ground of recovery alleged in this complaint. The complaint does not allege that the carrier failed to transport the freight with "reasonable dispatch." Under section 1597, supra, a failure to transport freight with reasonable dispatch, is not actionable unless occasioned by "want of ordinary care." I think the complaint states a. cause of action for the breach of the special contract alleged, but that it fails to state a cause of action under either of the

two. statutes referred to. For these reasons, I concur in the conclusion of the majority opinion, except as to that portion which holds that under this complaint the penalty prescribed by section 12, chap. 207, Laws of 1911, is recoverable.

McCOY, J., concurs in the views expressed by SMITH, J.